**George F. ABBOUD, Plaintiff–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant–Appellee.**

**No. 96–56673.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1998.

Decided April 7, 1998.

A(a)(1)(xii).

Dan E. Korenberg, Korenberg, Abramowitz & Feldun, Encino, CA, for plaintiff-appellant.

Katherine M. Hikida, Assistant United States Attorney, Civil Division, Los Angeles, CA, for defendant-appellee.

Before: FLETCHER, MAGILL,* and T.G. NELSON, Circuit Judges.

MAGILL, Senior Circuit Judge:

George F. Abboud brought this suit in the district court for declaratory and injunctive relief against the Immigration and Naturalization Service (INS) after the INS denied Abboud an immigrant visa. The district court dismissed Abboud's case, and Abboud now appeals. We affirm.

## I.

Abboud, a citizen of Lebanon, entered the United States on December 23, 1986, on a visitor's visa. After his arrival in the United States, Abboud tried to obtain an immigrant visa by filing a Form I–485 Application for Permanent Residence (Application) with the INS. Fawzi Abboud (Fawzi), Abboud's father and a United States citizen, also tried to help Abboud obtain an immigrant visa by filing on Abboud's behalf a Form I–130 Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa (Relative Petition).

At the time that Abboud's Application and Fawzi's Relative Petition were filed, the Los Angeles district office of the INS (Local Office) only accepted Relative Petitions that were filed together with Applications. The Local Office then considered the Relative Petitions and Applications together in adjudicating an alien's immigration status. A petitioner who wished his Relative Petition to be considered separately from the beneficiary's

* Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Application could have elected to file the Relative Petition with the INS Western Adjudication Center (WAC) rather than with the Local Office. The beneficiary would then have been required to file his Application with a United States consulate overseas. Fawzi and Abboud rejected this latter option, however, and on July 30, 1987, they filed the Relative Petition and the Application with the Local Office.

To process Abboud's Application, the Local Office required an interview with Abboud. While Fawzi's Relative Petition did not require such an interview, the Local Office would not process the Relative Petition until after Abboud's interview, so that the Relative Petition and the Application could be considered together. The Local Office scheduled Abboud's interview for February 2, 1988.

Fawzi died on September 14, 1987. During Abboud's February 2, 1988 interview, Abboud reported Fawzi's death to the Local Office. The Local Office informed Abboud that Fawzi's Relative Petition was automatically denied because of Fawzi's death. The INS formally notified Abboud of this denial on April 16, 1990. On September 13, 1990, Abboud's Application was also denied. On January 29, 1991, following Abboud's request for reconsideration, the INS issued an amended decision again denying Fawzi's Petition.

On March 18, 1996, Abboud filed this suit with the United States District Court for the Central District of California seeking declaratory and injunctive relief. Abboud's complaint alleged that the Local Office's policy of considering Relative Petitions with Applications in a combined procedure violated his Fifth Amendment right to equal protection, as well as 8 C.F.R. § 204.1(c) (1996) and INS Operations Instruction 103.2q. Abboud asserted that, but for these violations, Fawzi's Relative Petition would have been considered separately from Abboud's Application and approved before Fawzi's death, entitling Abboud to an immigrant visa and also humanitarian relief under 8 C.F.R. § 205.1(a)(3)

(1987). For relief, Abboud requested the district court to: (1) declare the INS's denial of Fawzi's Relative Petition void; (2) enjoin the INS from denying Abboud an immigrant visa because of past proceedings; and (3) enjoin the INS to make a nunc pro tunc approval of Fawzi's Relative Petition. The district court dismissed Abboud's complaint and denied Abboud's and the INS's cross-motions for summary judgment as moot. Abboud now appeals the district court's dismissal of his complaint.

## II.

■ We review the district court's dismissal of Abboud's complaint de novo. *See Chan v. Reno,* 113 F.3d 1068, 1070 (9th Cir. 1997). The INS contends that the district court's dismissal should be affirmed because the district court lacked subject matter jurisdiction over Abboud's complaint and because Abboud does not have standing to challenge the INS's denial of Fawzi's Relative Petition. We disagree.

Under the Administrative Procedure Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Administrative Procedure Act further provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. In addition, at the time that Abboud filed his suit in the district court, 8 U.S.C. § 1329 provided that "[t]he district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under" the immigration laws of the United States.[1] While Congress has restricted the jurisdiction of district courts over final orders of deportation, *see* 8 U.S.C. § 1105a(a)(2) (1994) (current version at 8 U.S.C.A. § 1252(b)(2) (West Supp.1998)), this Court has held that district courts have jurisdiction over final orders of the INS that do not involve deportation itself. *See, e.g., Chan,* 113 F.3d at 1071 (dis-

---

1. This provision has recently been amended to provide that district courts will have jurisdiction over causes "brought by the United States," and is no longer to "be construed as providing juris-
diction for suits against the United States or its agencies or officers." 8 U.S.C.A. § 1329 (West Supp.1998).

trict court has jurisdiction over challenge to INS's denial of application for adjustment of status); *American–Arab Anti–Discrimination Comm. v. Reno,* 70 F.3d 1045, 1055 (9th Cir.1995) (district court has jurisdiction over claim of selective enforcement).

■ Without disputing the applicability of §§ 702, 704, or 1329, or the finality of its denial of Fawzi's Relative Petition, the INS argues that Abboud was required to exhaust his administrative remedies prior to filing his complaint in the district court. *See* 8 C.F.R. § 204.1(a)(3) (1987) ("The petitioner will be notified of the decision, and, if the petition is denied, of the reasons for the denial, and of the petitioner's right to appeal to the Board [of Immigration Appeals] within, 15 days. . . ."). We disagree. First, the terms of the regulation do not allow Abboud, who is the beneficiary of a Relative Petition rather than a petitioner, to bring an administrative appeal. In addition, even if Abboud could bring an administrative appeal, we have explained that the mere opportunity for intra-agency review of a final order of the INS does not create an exhaustion requirement prior to bringing a judicial challenge to the order. *See Young v. Reno,* 114 F.3d 879, 882 (9th Cir.1997) ("[W]e conclude that, because the regulations do not explicitly require a petitioner to appeal to the BIA prior to seeking judicial review, such intra-agency review is optional."). Because § 204.1(a)(3) contains no exhaustion requirement, and because the INS's denial of Fawzi's Relative Petition was a final order, we conclude that the district court had jurisdiction over this matter.

■ The INS also argues that Abboud does not have standing to challenge the INS's denial of Fawzi's Relative Petition because it was Fawzi, rather than Abboud, who was the petitioner. We review a party's standing de novo. *See San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1124 (9th Cir.1996). To have standing to bring suit in federal court,

> the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual ·or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the

injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (quotations, citations, alterations, and footnote omitted). We conclude that Abboud has met these conditions in the instant case.

When a Relative Petition is filed, "[t]he immigrant beneficiary is more than just a mere onlooker; it is her own status that is at stake when the agency takes action on a preference classification petition." *Sanchez–Trujillo v. INS,* 620 F.Supp. 1361, 1363 (W.D.N.C.1985). As the Relative Petition's beneficiary, Abboud lost a significant opportunity to receive an immigrant visa when the INS denied the Relative Petition. This lost opportunity represents a concrete injury to Abboud that is traceable to the INS's conduct and remediable by a favorable decision in this case. Accordingly, we hold that Abboud has standing in this matter. *See Ghaly v. INS,* 48 F.3d 1426, 1434 n. 6 (7th Cir.1995) (alien has standing to raise judicial challenge to INS's denial of an employer's visa petition on the alien's behalf).

### III.

■ While we believe that the district court had jurisdiction over Abboud's complaint and that Abboud had standing to bring his complaint, we nevertheless affirm the district court's dismissal of Abboud's suit. Under Federal Rule of Civil Procedure 12(b)(6), a case shall be dismissed for a plaintiff's "failure to state a claim upon which relief can be granted." In reviewing a dismissal under Rule 12(b)(6), this Court "must accept material allegations in the complaint as true and construe them in the light most favorable to the appellant." *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc.,* 911 F.2d 242, 244 (9th Cir.1990) (per curiam). This Court "may affirm the district court's dismissal only if it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations." *Id.* (quotations and citation omitted).

■ Abboud's complaint alleges that the INS violated his Fifth Amendment due process right to equal protection because the INS treated Fawzi's Relative Petition, which had been filed with Abboud's Application in the Local Office, differently than Relative Petitions filed alone in the WAC. Since Fawzi is not being treated differently based on a suspect class, the Fifth Amendment only requires the government to treat similarly situated individuals similarly, *see Yao v. INS*, 2 F.3d 317, 321 (9th Cir.1993), and the government may distinguish between groups if the distinction "is reasonable, not arbitrary, and rests upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Komarenko v. INS*, 35 F.3d 432, 435 n. 1 (9th Cir.1994) *(quotations and alterations omitted)*.

■ Here, Abboud was not similarly situated to Relative Petition beneficiaries who did not file Applications with the INS. Both a Relative Petition and an Application require the INS to adjudicate an alien's immigration status. When only a Relative Petition is filed with the INS, the INS need only consider this one document in its adjudication. When both a Relative Petition and an Application are filed with the INS, however, the INS must consider each of these documents in its adjudication. Rather than considering the documents piecemeal, the INS elected to consider them together in a combined procedure, thus avoiding a repetitious and wasteful review of documents in a single adjustment of status case. Because efficiency concerns compel the different treatment of Relative Petitions filed with Applications, the INS's policy is reasonable and not arbitrary. Accordingly, Abboud's Fifth Amendment claim must fail.

■ Abboud also contends that the INS violated INS Operations Instruction 103.2q, which provides that "[t]o deal fairly and equitably with applicants and petitioners, it is [INS] policy that cases be processed in chro-nological order by date of receipt." Because the Local Office did not consider Fawzi's Relative Petition immediately, but instead waited until after Abboud's interview, Abboud contends that his case was not considered in chronological order.

■ While INS Operations Instructions typically do not create substantive rights, *see Nicholas v. INS*, 590 F.2d 802, 807 (9th Cir.1979) ("[I]n the main, operations instructions are nothing more than intra-agency guidelines which create no substantive rights."), certain Operations Instructions may have this effect. *See id.* (holding that the 1978 version of INS Operations Instruction 103.1(a)(1)(ii) "clearly and directly affects substantive rights" because "its effect can be final and permanent, with the same force as that of a Congressional statute"); *but see de Silva v. Smith*, 773 F.2d 1021, 1024 (9th Cir.1985) (noting that the 1981 version of INS Operations Instruction 103.1(a)(1)(ii) does not "confer any benefit upon aliens, [but operates] merely for the INS's own convenience" (quotations omitted)). Assuming, without deciding, that INS Operations Instruction 103.2q confers a substantial right on Abboud, however, Abboud has not presented a violation of that right in this case.

INS Operations Instruction 103.2q only requires that "cases" be considered in chronological order. The Operations Instruction does not define "case," and the INS's practice of combining Relative Petitions with Applications indicates that the INS interprets "case" to refer to all proceedings involving the same individual seeking an adjustment of immigration status. *See* Dec. of Luis E. Otalvaro (INS Sr. Dist. Adjudication Officer, Dist. of Los Angeles) at 2, ¶ 9 ("Interview dates are set chronologically, by the day of filing. The parties were given the next available interview date. Six months from the time of filing an application until the adjustment interview was considered to be the normal waiting period at the time this case was filed."). Such an interpretation of "case" is reasonable, and is therefore entitled to deference from this Court. *Cf. Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994)

("We must give substantial deference to an agency's interpretation of its own regulations. Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." (citations and quotations omitted)). Because Abboud does not argue that the INS scheduled his interview out of chronological order, Abboud has failed to state a violation of Operations Instruction 103.2q.

 Without fully explaining his argument, Abboud further contends that the INS violated 8 C.F.R. § 204.1(c), which provides that "[t]he filing date of a [relative] petition shall be the date it is properly filed ... and shall constitute the priority date." The priority date of a Relative Petition determines the order in which beneficiaries shall receive immigrant visas as the visas become available. *See* 8 U.S.C. § 1153(e)(1) (1994). The priority date is therefore only meaningful after a Relative Petition is approved, making its beneficiary eligible for an immigrant visa. Because Fawzi's Relative Petition was never approved and Abboud never became eligible for an immigrant visa, there could be no meaningful priority date for Fawzi's Relative Petition. Because § 204.1(c) was not applicable in the circumstances of this case, we conclude that the INS could not have violated the regulation. Accordingly, Abboud has failed to state a claim upon which relief may be granted.

 Finally, Abboud contends that the INS should be directed to consider him for humanitarian relief under 8 C.F.R. § 205.1(a)(3). In *Dodig v. INS,* 9 F.3d 1418, 1420 (9th Cir.1993), we held that humanitarian relief is not available under this regulation where the petitioner has died prior to the approval of the Relative Petition. Accordingly, this relief is not available to Abboud in the circumstances of this case.

AFFIRMED.