**Ki Shik HONG; Jung Hee Hong, Plaintiffs–Appellants,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; Doris Meissner, Commissioner of the Ins; Janet Reno, U.S. Attorney General; Rosemary Langley Melville, Acting District Director, INS, Los Angeles District Office, Defendants–Appellees.**

No. 00–56745.

D.C. No. CV–98–09469–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 4, 2002.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.*

MEMORANDUM **

Appellants Ki Shik Hong and his son Jung Hee Hong sought an order in the

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court compelling the Immigration and Naturalization Service (INS) to grant Jung Hee's application for adjustment of status. The district court granted the INS's motion for summary judgment. We have jurisdiction of the appeal under 28 U.S.C. § 1291 and affirm.

On October 31, 1995, appellants filed applications for adjustment of their status to that of permanent residents; because he was under twenty-one years old at the time (he was eighteen), Jung Hee's application was derivative of his father Ki Shik's. 8 U.S.C. §§ 1153(d), 1101(b)(1). On February 24, 1998, the INS granted Ki Shik's application. On February 4, 1999, the INS denied Jung Hee's application on the ground that he had become ineligible, having turned twenty-one ("aged out") on February 10, 1998.

Appellants contend that the INS acted arbitrarily and capriciously in failing to adjudicate their applications in chronological order or to expedite their adjudication. Under 8 U.S.C. § 1255(a), "the status of an alien ... may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence...." (Emphasis added.) Section 1252(a)(2)(B) further provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section ... 1255...." Given the claim before it, the district court correctly held that it lacked jurisdiction.[1]

Even if we were to reach appellants' contention that by taking twenty-eight

months to process Jung Hee's application the INS violated its Operating Instruction 103.2q, it would be of no avail. The instruction states a policy that cases be processed in chronological order. Appellants have offered no evidence that the INS did not process the application in chronological order. Rather, they contend that the INS violated the instruction by failing to exercise its discretion to take his application out of turn because of the length of time for which it had been pending and his imminent aging out. Thus, even if the instruction were held to create a substantive right, appellants' argument does not assert a violation. *Cf. Abboud v. INS,* 140 F.3d 843, 848–49 (9th Cir.1998).

AFFIRMED.

---

1. Although, as the INS attorney represented during oral argument, jurisdiction may exist to review a new, adequately pled equitable tolling claim, this appeal does not present that argument.

