references only portions of section 1252 – for example, it makes no mention of the effect of section 1252(g) or the effect of section 1252(a)(2)(B), even in the removal context. Thus, we find that the *Shanti* decision simply makes too much of congressional silence. Because Congress did not specifically enumerate H1-B visa extensions in the legislative history does not render the plain language of section 1252(a)(2)(B)(ii) inoperative with respect to discretionary denials of H1-B extensions. In light of the range of discretionary decisions made by the Service, it would unrealistic for us to require Congress to reference each variety in the legislative history before we would find it encompassed within the plain language of 1252(a)(2)(B)(ii).[2]

### IV.

We are not unsympathetic to the plaintiffs's predicament, we appreciate that CDI would probably like to reap the benefits of Mr. Vaideeswaran's services, and Mr. Vaideeswaran would probably like the opportunity to extend his visa and remain in the United States. Nonetheless, Congress has plainly precluded review of discretionary decisions like the Service's decision to deny Mr. Vaideeswaran's visa extension.

---

[2]Because we find that section 1252(a)(2)(B)(ii) precludes our review of the Service's decision regarding Mr. Vaideeswaran, it is unnecessary for us to determine whether the Service's action was "committed to agency discretion" and therefore unreviewable pursuant to 5 U.S.C. § 701(a)(2).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0037P (6th Cir.)
File Name: 02a0037p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CDI INFORMATION SERVICES, INC.; PRAKASH VAIDEESWARAN,
        *Plaintiffs-Appellants,*

v.

JANET RENO, in her official capacity as Attorney General of the United States; DORIS MEISSNER, in her official capacity as Commissioner of the Immigration and Naturalization Service; NATALIE VEDDER, in her official capacity as Director of Nebraska Service Center of the Immigration and Naturalization Service,
        *Defendants-Appellees.*

No. 00-1983

Appeal from the United States District Court for the Eastern District of Michigan at Flint.
No. 99-40169—Paul V. Gadola, District Judge.

Argued: November 1, 2001

Decided and Filed:  January 28, 2002

Before:  MARTIN, Chief Judge; BATCHELDER, Circuit
Judge; SARGUS, District Judge.[*]

———————————

**COUNSEL**

**ARGUED:**    Dehai Tao, Ann Arbor, Michigan, for
Appellants.   Jennifer J. Peregord, ASSISTANT UNITED
STATES ATTORNEY, Detroit, Michigan, for Appellees.
**ON BRIEF:**    Dehai Tao, Ann Arbor, Michigan, for
Appellants.   Nancy A. Abraham, ASSISTANT UNITED
STATES ATTORNEY, Flint, Michigan, for Appellees.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Chief Judge.

I.

Plaintiffs CDI Information Services, Inc. and Prakash
Vaideeswaran appeal the district court's decision affirming
the Immigration and Naturalization Service's denial of Mr.
Vaideeswaran's petition for an extension of his non-
immigrant visa. Because we find that we lack jurisdiction, we
vacate the opinion of the district court and remand with
instructions to dismiss the case.

———————————

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

General's decision to commence proceedings, adjudicate
cases, or execute removal orders. *See Van Dinh*, 197 F.3d at
432; *see also American-Arab Anti-Discrimination Comm.*,
525 U.S. at 486.   Given the scope of section 1252, we
conclude that its title does no more than indicate the
provisions in a general manner.   Therefore, we hold, as
several other courts have held, that section 1252(a)(2)(B)(ii)
is not limited to discretionary decisions made within the
context of removal proceedings. *See Van Dinh*, 197 F.3d at
432; *Systronics Corp. v. Immigration & Naturalization Serv.*,
153 F. Supp. 2d 7, 11 (D.D.C. 2001); *Avramenkov v.
Immigration & Naturalization Serv.*, 99 F. Supp. 2d 210, 214
(D. Conn. 2000); *Curri v. Reno*, 86 F. Supp. 2d 413, 419 (D.
N.J. 2000); *see also McBrearty v. Perryman*, 212 F.3d 985,
987 (7th Cir. 2000) (construing section 1252(a)(2)(B)(i));
*Amoakowaa v. Reno*, 94 F. Supp. 2d 903, 905 (N.D. Ill. 2000)
(same).

Because the language of section 1252(a)(2)(B)(ii) is
unambiguous, we need not examine its underlying legislative
history. *See United States v. Brown*, 988 F.2d 658, 662 n.1
(6th Cir. 1993).   Nevertheless, because some courts have
relied on the legislative history to limit section 1252(a)(2)(B),
we note that we are satisfied that the legislative history of
section 306 of the Act, which amended section 1252, does not
undercut our conclusion.   In support of its assertion that
section 1252 is limited to the removal context, the court in
*Shanti, Inc. v. Reno* quoted the Act's legislative history as
follows: "Section 306 preserves the right to appeal from a
final administrative order of removal . . . to one of the Federal
circuit courts . . . . Section 306 also limits the authority of
Federal courts other than the Supreme Court to enjoin the
operation of the new removal procedures established in this
legislation." 36 F. Supp. 2d at 1158 (quoting H. Rep. 104-
469(l), 104th Cong., 2d Sess. 359, 473).   Relying on this
passage, the *Shanti* court emphasized the absence of any
mention of visa petitions or other procedures outside the
purview of removal proceedings. *See id.* But this passage,
taken from a brief two-paragraph discussion of section 306,

held that it does not preclude review of otherwise discretionary decisions, provided such decisions are challenged outside of the removal context. *See Shanti, Inc. v. Reno*, 36 F. Supp. 2d 1151, 1158 (D. Minn. 1999); *see also Abboud*, 140 F.3d at 846; *Mart v. Beebe*, 94 F. Supp. 2d 1120, 1124 (D. Or. 2000) (construing section 1252(a)(2)(B)(i)). These courts rely primarily on the fact that section 1252 is entitled "Judicial Review of Orders of Removal." *See Shanti, Inc.*, 36 F. Supp. 2d at 1158; *Mart*, 94 F. Supp. 2d at 1124. But such a reading is inconsistent with the canon of statutory construction that the title of a statute or statutory section generally cannot be used to constrict the plain language of the statute. *See Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528-29, 67 S. Ct. 1387, 91 L.Ed. 1646 (1947); *see also United States v. Waters*, 158 F.3d 933, 937 (6th Cir. 1998). In *Trainmen*, the Supreme Court explained that:

> Where the text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner . . . . For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for the resolution of a doubt. But they cannot undo or limit that which the text makes plain.

331 U.S. at 528-29.

As the Tenth Circuit noted, section 1252 addresses a "multitude of jurisdictional issues, including ones that are collateral to the review of a final order of a deportation." *Van Dinh v. Reno*, 197 F.3d 427, 432 (10th Cir. 1999); *see also American-Arab Anti-Discrimination Comm.*, 525 U.S. at 486-87 (discussing the range of discretion-protecting provisions of section 1252). For example, section 1252(e) addresses limitations on judicial review of exclusion orders, including habeas review and collateral constitutional challenges to the validity of the system; section 1252(f) provides limitations on injunctive relief available in courts other than the Supreme Court; and, section 1252(g) bars review of the Attorney

## II.

Prakash Vaideeswaran was originally approved to enter the United States to work for Computer People, Inc. as a non-immigrant, temporary employee within the meaning of 8 U.S.C. § 1101(a)(15)(H)(i)(b). Mr. Vaideeswaran was initially admitted for a three-year period.

On November 17, 1998, CDI filed a Form I-129 on behalf of Mr. Vaideeswaran, a potential employee, seeking to extend his H1-B non-immigrant visa. Pursuant to 8 C.F.R. § 214.1(c)(4), CDI attached a payslip dated November 6, 1998, to the petition. This payslip had a $52.32 itemization classified as "moving." In response, the Service sent a "Request for Evidence" to CDI requesting Mr. Vaideeswaran's "last payslip or voucher." The request detailed that "[w]here state taxes are withheld, the evidence submitted should also clearly identify the state." In compliance with this request, CDI forwarded copies of Mr. Vaideeswaran's November 20, 1998, December 31, 1998 and January 15, 1999 payslips to the Service.

In a letter dated March 24, 1999, the Service denied Mr. Vaideeswaran's request for an extension of his H1-B non-immigrant visa. The Service noted that Mr. Vaideeswaran's December 25, 1998 payslip reflected "moving expenses in the amount of $1,578" and a change in state withholdings from Oregon to Hawaii. Therefore, the Service concluded that Mr. Vaideeswaran "failed to maintain the status previously accorded because he engaged in unauthorized employment in a state other than Oregon."

Plaintiffs filed for review of the Service's decision on April 23, 1999. On January 4, 2000, the district court issued an order to show cause as to why the plaintiffs's petition should not be dismissed for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252 (g) and/or for the failure to exhaust administrative remedies. Relying on a Ninth Circuit decision, *Abboud v. Immigration & Naturalization Service*,

140 F.3d 843(9th Cir. 1998), the government concurred with plaintiffs's contention that the district court had jurisdiction over Mr. Vaideeswaran's petition.   The government emphasized the Ninth Circuit's conclusion that while Congress restricted the jurisdiction of the federal courts over final orders of deportation, the district courts still "have jurisdiction over final orders of the INS that do not involve deportation itself." *Id.* at 846.  Emphasizing the parties's agreement on the presence of jurisdiction and cases construing section 1252(g), the district court concluded that it had jurisdiction, and on June 22, 2000, upheld the Service's decision that Mr. Vaideeswaran failed to maintain his "previously accorded status."

### III.

As a threshold matter, we must determine whether we have subject matter jurisdiction over Mr. Vaideeswaran's appeal of the Service's decision to deny him an extension of his H1-B visa.  Although the parties do not raise the issue of jurisdiction on appeal, it is nevertheless incumbent upon us to verify the existence of subject matter jurisdiction.  *See Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990).  Whether we have jurisdiction turns on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009.  The Act, which amended the Immigration and Nationality Act, contains a number of provisions protecting the discretion of the Service.  In fact, the Supreme Court has suggested that "protecting the Executive's discretion from the courts . . . can fairly be said to be the theme of the legislation." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486, 119 S. Ct. 936, 142 L.E.2d 940 (1999).  As a statute enacted to protect the discretion of the Executive, the Act contains a number of provisions limiting or eliminating judicial review of particular Service decisions.

In order to determine whether we can review the Service's decision regarding Mr. Vaideeswaran, we must construe section 1252(a)(2)(B)(ii).[1]  It provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii) (1999).   The subchapter referred to is subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378.  Section 1184, which falls within this subchapter, governs the admission of non-immigrants, including H1-B non-immigrants such as Mr. Vaideeswaran, to the United States.  It provides that "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184(a)(1) (1999). The relevant regulation governing Mr. Vaideeswaran's petition for a visa extension, 8 C.F.R. § 214.1(c)(5), clearly confers discretion on the Service, stating that "[w]here an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service." 8 C.F.R. § 214.1(c)(5) (2001).  Accordingly, we find that we lack jurisdiction to hear Mr. Vaideeswaran's complaint.

Notwithstanding  the  plain  language  of  section 1252(a)(2)(B)(ii), some courts have construed that section to apply only in the context of final orders of removal, and have

---

[1] The district court suggested that section 1252(g) may have foreclosed judicial review of Mr. Vaideeswaran's appeal. While its initial instinct regarding its probable lack of jurisdiction was correct, the reach of 1252(g) is relatively narrow, applying only to three classes of discretionary decisions by the Attorney General. *See American-Arab Anti-Discrimination Comm.*, 525 U.S. at 482.  Thus, we focus our examination on section 1252(a)(2)(B)(ii).