**Dr. Romy THOMAS, et al.,**
**Plaintiffs–Appellants,**

v.

**Carol JENIFER, District Director,**
**Immigration and Naturalization**
**Service, Defendant–Appellee.**

No. 00–2326.

United States Court of Appeals,
Sixth Circuit.

April 19, 2002.

Before MARTIN, Chief Circuit Judge,
BOGGS and DAUGHTREY, Circuit
Judges.

PER CURIAM.

The 45 plaintiffs in this action appeal a district court judgment dismissing their complaint, in which they sought review of the government's failure to issue them immigration visas, for lack of subject matter jurisdiction. The district court held that 8 U.S.C. § 1252(a)(2)(B)(ii) divests the federal courts of jurisdiction to review discretionary decisions of the Attorney General regarding the issuance of visas under circumstances such as those in this case, because the issuance of such visas is governed by the Immigration and Nationality Act of 1952, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009.

At oral argument, counsel for plaintiffs conceded, as he must, that this case is controlled by our recent decision in *CDI Information Services, Inc. v. Reno,* 278 F.3d 616, 619–20 (6th Cir.2002), in which we held that despite the fact that § 1252 is entitled "judicial review of orders of removal," the plain language of section 1252(a)(2)(B)(ii) is not limited in its scope by its title and constitutes a divestment of jurisdiction for all discretionary decisions under Subchapter II of Chapter 12 of Title 8, covering §§ 1151–1378. The provision under which the plaintiffs are suing in this case, § 1153(b)(2)(A), controls the issuance of what are commonly referred to as "EB–2 visas" and is clearly a discretionary decision of the Attorney General, as delegated to the INS.

Counsel argued, however, that the matter could nevertheless be reviewed because the gist of the complaint in this instance was not that the INS had engaged in an invalid exercise of discretion, but that it had failed to exercise any discretion at all, resulting in automatic rejection of the plaintiffs' applications for visas as "exceptional ability immigrants." Assuming for the purpose of analysis—but only for that purpose—that a complete failure to exercise discretion under these circumstances would take the case outside the constrictions of § 1252, we conclude that the record is devoid of any admissible evidence that there exists such a policy or practice by the Attorney General or the INS. In short, there is no proof before us that the INS failed to exercise discretion in this case.

It follows that the district court, which made its ruling in this case prior to the release of the *CDI Information Services* decision, was wholly correct in finding that it had no jurisdiction to review the plain-

tiffs' complaint. We therefore AFFIRM the judgment of the district court dismissing the complaint under Fed.R.Civ.P. 12(b)(1).