NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0066n.06
Filed: January 31, 2005

Case No. 02-4347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MUNROOP RANDHAWA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES BOARD OF |
| | ) | IMMIGRATION APPEALS |
| JOHN ASHCROFT, Attorney General; | ) | |
| IMMIGRATION AND NATURALIZATION | ) | |
| SERVICE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

_____

BEFORE: BATCHELDER and GIBBONS, Circuit Judges; STAFFORD[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Petitioner Munroop Randhawa ("Randhawa")

seeks review of the October 31, 2002, order of the Board of Immigration Appeals ("BIA") affirming,

without opinion, the order of the Immigration Judge ("IJ") that Randhawa be removed. The IJ found

Randhawa removable under Sections 237(a)(1)(D)(i) and 237(a)(1)(G)(i) of the Immigration and

Naturalization Act ("INA"), 8 U.S.C. § 1227(a)(1)(D)(i) and(G)(i), and further found that Randhawa

had failed to establish eligibility under INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B), for a

hardship waiver of the requirements of 8 U.S.C. § 1186a. Because Randhawa has conceded that

she is subject to removal under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i), and because we

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

lack jurisdiction to review the Attorney General's denial of a waiver under INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B), we AFFIRM the decisions of the BIA and IJ.

Randhawa, an Indian national, met Dr. Parneet Sohi ("Sohi") in India in July of 1995 and married him three days later. Sohi remained in India for approximately three weeks after the wedding, and then returned to the United States, where he became a naturalized citizen in late 1995. Sohi thereafter filed an application for an entry visa on behalf of Randhawa. The application was approved and Randhawa entered the United States as a conditional permanent resident on June 21, 1996.

After living with Sohi for less than two months, Randhawa announced that she wanted to live with her ex-husband and moved out. Sohi sued for an annulment and the Hamilton County Court of Common Pleas dissolved the marriage, finding that Randhawa had married Sohi "for the sole purpose of obtaining United States residency." On April 7, 1999, the former Immigration and Naturalization Service ("INS") initiated removal proceedings against Randhawa with the filing of a Notice to Appear in the responsible Immigration Court.[1] The INS charged that Randhawa was subject to removal from the United States under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i), because her status as a conditional permanent resident had been terminated pursuant to the provisions of INA § 216, 8 U.S.C. § 1186a, for failure to file a joint application with her spouse to remove the conditions on her residency. The INS also charged that Randhawa was subject to removal under INA § 237(a)(1)(G)(i), 8 U.S.C. § 1227(a)(1)(G)(i), for gaining entry to the United States on the basis of a fraudulent marriage.

---

[1]Effective March 1, 2003, the INS ceased to exist as an agency and its powers and responsibilities have been transferred to the Department of Homeland Security.

In response to these allegations, Randhawa admitted that her marriage to a United States citizen was annulled within two years of her admission to the United States; that she therefore could not submit the joint petition necessary to remove the conditional status of her permanent residency; and that she is subject to removal under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i) because her conditional residency was terminated. *See* INA § 216(c)(1)-(2), 8 U.S.C. § 1186a(c)(1)-(2). Randhawa contended, however, that pursuant to INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B), she is eligible for a "hardship waiver" of her obligation to file the joint petition. The IJ declined to grant the waiver, found Randhawa removable as charged, and ordered her removed. The BIA affirmed the IJ's decision without issuing an opinion and Randhawa timely appealed.

"When the Board adopts the decision of the IJ in lieu of issuing its own opinion, we review the IJ's decision as the final agency decision." *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

After reviewing the administrative record, we are persuaded the IJ's determination that Randhawa is deportable under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i) is supported by the facts, and that no reasonable adjudicator would be compelled to reach the contrary conclusion. Those findings are therefore conclusive. 8 U.S.C. § 1252(b)(4)(B). Significantly, Randhawa has admitted those facts and has conceded that she is deportable. She claims, however, that the IJ erred in denying her a hardship waiver of the joint petition requirement under INA § 216(c)(4), 8 U.S.C. § 1186a(c)(4), which provides:

> (4) Hardship waiver
> The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that- -

3

(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1)  . . . .

INA § 216(c)(4), 8 U.S.C. § 1186a(c)(4).

We lack jurisdiction to review the IJ's denial of a hardship waiver to Randhawa.  The INA provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) [governing grants of asylum] of this title.

INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii).  "[T]his subchapter" includes 8 U.S.C. § 1186a.  We have held that INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii) applies to *all* discretionary decisions enumerated in the relevant subchapter of Title 8.  *CDI Information Services, Inc. v. Reno*, 278 F.3d 616, 620 (6th Cir. 2002) (holding "section 1252(a)(2)(b)(ii) is not limited to discretionary decisions made within the context of removal proceedings").

The plain language of 8 U.S.C. § 1186a(c)(4) indicates that the decision to grant a "hardship waiver" based on a "good faith" marriage is "[with]in the Attorney General's discretion."  Section 1186a(c)(4) further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the *sole* discretion of the Attorney General."  (Emphasis added).  The IJ's refusal to grant Randhawa a hardship waiver, therefore, is completely insulated from judicial review.  *See Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159 (3d Cir. 2004); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Because the record supports the finding—and Randhawa concedes—that she is removable under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i), and because we lack jurisdiction to review

4

the IJ's denial of a hardship waiver, we **AFFIRM** the decision of the BIA. We need not, and therefore decline to reach the issue of whether Randhawa is also removable under INA § 237(a)(1)(G)(i), 8 U.S.C. § 1227(a)(1)(G)(I).