NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  06a0394n.06
Filed:  June 7, 2006

No. 04-4006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MUNROOP RANDHAWA, | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ALBERTO R. GONZALES, Attorney General, | ) | |
| | ) | **O P I N I O N** |
| **Respondent-Appellee.** | ) | |
| | ) | |

**BEFORE:  NORRIS and BATCHELDER, Circuit Judges; RICE, District Judge.**[*]

**PER CURIAM.**   Petitioner Munroop Randhawa appeals the decision of the Board of

Immigration Appeals ("BIA") denying her untimely motion to reopen immigration proceedings

removing her from the country.  Petitioner's status as a conditional permanent resident was

terminated because her marriage to a United States citizen was annulled within two years of her

admission to the country.  8 U.S.C. § 1186a(a)(1) and (b)(1)(A)(ii); 8 U.S.C. § 1227(a)(1)(G).  The

BIA subsequently ruled, and this court affirmed, *Randhawa v. Ashcroft*, No. 02-4347, 2005 WL

221502 (6th Cir. Jan. 31, 2005), that petitioner was not entitled to a "hardship waiver" of the

requirement that an alien apply jointly with the citizen spouse to remove the condition on permanent

residence.  8 U.S.C. § 1186a(c)(1) and (c)(4).  Upon appeal of the BIA's denial of her subsequent

motion to reopen, she argues that the BIA should have exercised its discretion to reopen proceedings

---

[*]The Honorable Walter Herbert Rice, United States District Court Judge for the Southern District of Ohio,
sitting by designation.

*sua sponte* due to exceptional circumstances, or, alternatively, should have equitably tolled the limitations period.

On October 31, 2002, the BIA summarily affirmed the immigration judge's denial of the hardship waiver based upon her finding that petitioner's testimony regarding the marriage was not credible. On June 23, 2004, petitioner asked the BIA to reopen the proceedings *sua sponte* in light of new polygraph evidence which she contended established that she was truthful in stating that her marriage was not entered into for the fraudulent purpose of obtaining a visa. The BIA denied the motion because it was filed more than ninety days after the final administrative decision, 8 C.F.R. § 1003.2(c)(2), and declined to reopen the proceedings.

This court has held that "[t]he decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA" and is not subject to judicial review. *Harchenko v. INS*, 379 F.3d 405, 410-11 (6th Cir. 2004) (citing *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999)). *Harchenko* affirmed the principle that "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* at 411 (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). Hence, we lack jurisdiction to review the BIA's decision not to reopen the proceedings *sua sponte*.

We also do not have jurisdiction over petitioner's equitable tolling claim since she did not raise it before the BIA in her motion to reopen. In *Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005), we held that, "in an appeal from an order of removal, we have jurisdiction to review only those claims as to which the alien has exhausted his administrative remedies, that is, those claims 'properly presented to the BIA and considered on their merits.'" *Id.* (quoting *Ramani v. Ashcroft,*

2

378 F.3d 554, 560 (6th Cir. 2004)); *see* 8 U.S.C. § 1252(d)(1).  Where, as here, a petitioner has failed to exhaust her administrative remedies, we are "without jurisdiction to consider [her] petition for review."  *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994).

The petition for review is **denied.**