*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0045p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MUNROOP RANDHAWA,

        *Petitioner-Appellant,*

    *v.*

ALBERTO R. GONZALES, United States Attorney
General,

        *Respondent-Appellee.*

No. 05-3694

---

On Petition for Review of a Decision
of the Board of Immigration Appeals.
No. A45 599 877.

Submitted: November 15, 2006

Decided and Filed: January 30, 2007

Before: KEITH and CLAY, Circuit Judges; MAYS, District Judge.[*]

---

### COUNSEL

**ON BRIEF:** Martin R. Guajardo, MARTIN, RESENDEZ & GUAJARDO, San Francisco, California, for Petitioner. Blair T. O'Conner, Emily Anne Radford, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

### OPINION

---

CLAY, Circuit Judge. Petitioner Munroop Randhawa ("Petitioner") argues on appeal that the Board of Immigration Appeals ("BIA") improperly denied her motion to reconsider a previous BIA decision denying Petitioner's motion to reopen her removal proceedings as untimely pursuant to 8 C.F.R. § 1003.2(c)(2). Petitioner argues that a previously filed appeal to this Court tolled the time limit for filing her motion to reconsider with the BIA. For the reasons that follow, we **DENY** the petition for review.

On October 31, 2002, the BIA affirmed the decision of the Immigration Judge, who concluded that Petitioner was removable under 8 U.S.C. §§ 1227(a)(1)(D)(i) & (G)(i). Petitioner

---

[*] The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

filed an untimely motion to reopen the BIA's decision on June 23, 2004, which the BIA denied for that reason on July 28, 2004. Petitioner then filed a timely petition for review of the BIA's denial of her motion to reopen; she also filed an untimely motion to reconsider the BIA's denial of her motion to reopen on March 2, 2005. On May 10, 2005, the BIA denied Petitioner's motion to reconsider because it was not timely filed. Petitioner then brought the instant petition for review, challenging the BIA's denial of her motion to reconsider. Petitioner argues that her previously filed petition for review tolls the 30-day deadline for filing a motion to reconsider.[1]

## I.

Petitioner is a citizen of India and a medical doctor. On July 28, 1995, Petitioner married Dr. Parneet Singh Sohi, a dentist and citizen of the United States, in a marriage arranged by their families. Petitioner was admitted to this country on or about June 21, 1996, as a permanent resident on a conditional basis, the condition being her marriage to Dr. Sohi. This marriage was judicially annulled in the Ohio Court of Common Pleas on December 12, 1996, on the grounds that Petitioner married Dr. Sohi "for the sole purpose of obtaining United States residency." J.A. at 135-36. On January 13, 1999, Petitioner received a notice to appear.

On September 29, 1999, a hearing was held on the notice to appear before United States Immigration Judge Elizabeth A. Hacker (the "IJ"), wherein Petitioner conceded removability under 8 U.S.C. § 1227(a)(1)(D)(i) and denied removability under 8 U.S.C. § 1227(a)(1)(G)(i). Petitioner sought to waive the requirement to file a joint petition to remove the condition on residence, as she was no longer married.[2] On May 8, 2001, the IJ denied Petitioner's application for a waiver of the requirement of filing a joint petition, finding that Petitioner was removable on all grounds stated in the notice to appear. Petitioner appealed this decision to the BIA, which affirmed the IJ's decision on October 31, 2002.

On November 27, 2002, Petitioner filed a petition for review of the BIA's October 31, 2002 decision in this Court. On June 23, 2004, Petitioner moved to reopen the October 31, 2002 decision of the BIA. Petitioner acknowledged that her motion to reopen was not filed within 90 days of the October 31, 2002 BIA decision as required by 8 U.S.C. § 1229a(c)(7)(C)(i),[3] but argued that the BIA should nevertheless reopen her proceedings on the strength of her "crucial piece of new evidence"–the results of a polygraph test. J.A. at 45. On July 28, 2004, the BIA denied her motion to reopen. The BIA noted that her motion to reopen was untimely, and although it had limited discretion to reopen a case *sua sponte* at any time in extraordinary circumstances,[4] Petitioner's case did not present such circumstances. Petitioner then filed a petition for review in this Court challenging the BIA's denial of her motion to reopen. The Court denied this petition for review on June 7, 2006. *Randhawa v. Gonzales*, No. 04-4006, 184 F. App'x 502 (6th Cir. June 7, 2006) (unpublished).

---

[1] *See* 8 U.S.C. § 1229a(c)(6)(B).

[2] *See* 8 U.S.C. § 1186a(c):

(4) The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien . . . if the alien demonstrates that–

. . .

(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated . . . .

[3] *See also* 8 C.F.R. § 1003.2(c)(2).

[4] *See* 8 C.F.R. § 1003.2(a).

On January 31, 2005, this Court denied Petitioner's petition for review of the BIA's October 31, 2002 decision, holding that this Court did not have jurisdiction to review a discretionary decision under 8 U.S.C. § 1186a(c)(4). *See Randhawa v. Ashcroft*, No. 02-4347, 121 F. App'x 612, 614-15 (6th Cir. Jan. 31, 2005) (unpublished). On March 2, 2005, Petitioner filed a motion to reconsider the BIA's July 28, 2004 denial of her motion to reopen. The BIA denied Petitioner's motion to reconsider on May 10, 2005, concluding that it was untimely. Petitioner then filed the instant petition for review.

## II.

Petitioner argues on this appeal that the BIA improperly denied her March 2, 2005 motion to reconsider as untimely. According to Petitioner, the 30-day deadline in 8 U.S.C. § 1229a(c)(6)(B) was tolled while her petition for review was pending before this Court.[5] This is a question of law that the Court reviews *de novo*. *Fieran v. INS*, 268 F.3d 340, 344 (6th Cir. 2001).

The time limits for filing a motion for reconsideration or a motion to reopen are set forth in 8 U.S.C. §§ 1229a(c)(6)(B) & (7)(C) and are crystal clear.[6] A motion to reopen must be filed within 90 days of the final administrative decision. § 1229a(c)(7)(C). A motion for reconsideration must be filed within 30 days of the final administrative decision. § 1229a(c)(6)(B). These time limits also exist within a larger statutory framework. Section 1252(b)(6) of Title 8 of the United States Code, which governs judicial review of BIA orders, provides that "[w]hen a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order." The Supreme Court in *Stone v. INS*, 514 U.S. 386 (1995) considered the import of § 1252(b)(6) in answering an analogous question: Whether a motion for reconsideration tolled the time limit for a petitioner to file a petition for review in the court of appeals. The Court held that it did not. The *Stone* court reasoned that, "[b]y its terms, § 106(a)(6) [of the Immigration and Nationality Act, now codified at § 1252(b)(6)] contemplates two petitions for review and directs the courts to consolidate the matters." *Id.* at 394. Congress's intent, according to *Stone*, was that "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider." *Id.* Moreover, the *Stone* court concluded that its holding was necessary because "only [the no-tolling] rule gives meaning to [§ 1252(b)(6)]." *Id.* at 395. That is, an antecedent condition to the existence of two petitions for review to be consolidated is the existence of two final orders. This is necessary for the court of appeals to have jurisdiction. *See* § 1252(a). However, if filing a motion for reconsideration rendered the underlying order nonfinal, then that order could not be a jurisdictional basis of a petition for review. *See Stone*, 514 U.S. at 395. Section 1256(b)(6) would thus in effect become a nullity.

---

[5] Petitioner specifically argues that her petition for review of the BIA's October 31, 2002 decision, which was denied on January 31, 2005, tolls the time limit for filing a motion for reconsideration with the BIA. According to Petitioner, since she filed her motion for reconsideration on March 2, 2005, it was filed within 30 days of January 31, 2005, and was therefore timely. Of course, Petitioner's motion for reconsideration was directed at the BIA's decision of July 28, 2004, denying her motion to reopen–*not* its decision of October 31, 2002, denying her appeal from the IJ's decision. If Petitioner were correct (although we conclude that she is not), she could have filed a motion to reconsider the BIA's decision of October 31, 2002 on March 2, 2005. Moreover, if Petitioner were correct, the deadline for filing a motion to reconsider the BIA's decision of July 28, 2004 would be 30 days after this Court adjudicates her petition for review of the BIA's denial of her motion to reconsider, an event which occurred on June 7, 2006. Nevertheless, the basic point remains that Petitioner's motion to reconsider was timely if filing a petition for review tolled the deadline for filing a motion to reconsider, and untimely otherwise. We therefore proceed to consider that question on its merits.

[6] *See also* 8 C.F.R. § 1003.2.

In response to this problem–that a construction of the statute should give effect to all its provisions[7]–the petitioner in *Stone* suggested the following scenario by which § 1252(b)(6) would have meaning:  If an alien who petitioned for review of a final order subsequently filed a motion to reconsider while the petition for review was pending, and the motion to reconsider was denied, and that denial was appealed, then the two appeals could be consolidated under § 1252(b)(6). *Id.* at 395-96.  The *Stone* court rejected this argument because it rested on a view of finality that was internally inconsistent.  That is, in order for a court of appeals to have jurisdiction over a petition for review, the BIA's decision must be a "final order"–and a final order starts the ticking of the statutory 30-day clock to appeal.  It was undisputed that a petitioner need not file a motion to reopen or reconsider before filing a petition for review.  Thus, the *Stone* court noted, in order for the petitioner to be correct, a BIA order would have to be a "final order" when the petition for review was filed, and then *cease to be a final order after a motion for reconsideration was filed.*  (For if the order did not cease to be a final order, then there would be no basis for holding that the filing of a motion for reconsideration generally tolls the 30-day time limit.)  *See id.* at 396 ("If, as petitioner advocates, the filing of a timely petition for reconsideration before seeking judicial review renders the underlying order nonfinal, so that a reviewing court would lack jurisdiction to review the order until after disposition of the reconsideration motion, one wonders how a court retains jurisdiction merely because the petitioner delays the reconsideration motions until after filing the petition for judicial review of the underlying order.").

The situation here presents the inverse of the problem presented in *Stone*–Petitioner argues that a petition for review tolls the time to file a motion for reconsideration, rather than arguing that a motion for reconsideration tolls the time for filing a petition for review.  Nevertheless, the arguments operate in the same manner as in *Stone*.  We therefore reach the same result:  The deadline for filing a motion for reconsideration is not tolled by filing a petition for review.  Just as in *Stone*, the existence of § 1252(b)(6) demonstrates Congress's intent that petitions for review and motions for reconsideration be filed concurrently.  *See Gao v. Gonzales*, 464 F.3d 728, 729 (7th Cir. 2006) ("[T]he Board may rule on an alien's request for reconsideration or reopening while a petition for review of the main decision is before the court.  That's how it would be possible for two petitions for judicial review to be pending simultaneously and consolidated, as 8 U.S.C. § 1252(b)(6) provides.").  Moreover, like in *Stone*, construing the time limits in 8 U.S.C. § 1229a(c)(6)(B) to allow a motion for reconsideration to be filed after a decision is rendered by the court of appeals would render § 1252(b)(6) in effect a nullity, as motions for reconsideration generally would not be filed until after a decision was rendered on the petition for review.  And in the event that such a motion for reconsideration were filed before a petition for review was decided, construing the applicable statutes as to produce two final orders would result in an anomalous view of finality.  That is, were § 1252(b)(6) to have any meaning, a BIA decision would have to be a "final order" pursuant to § 1252(b)(1) so that the court of appeals has jurisdiction to hear a petition for review, but not "a final administrative order" such that the clock in § 1229a(c)(6)(B) starts ticking.  This interpretation makes no sense, and we reject it.[8]

Petitioner relies on *Azarte v. Ashcroft*, 394 F.3d 1278 (9th Cir. 2005).  This reliance is misplaced.  There, the issue was whether the BIA abused its discretion in dismissing a *timely* motion to reopen because a petitioner, who had been granted voluntary departure, failed to depart before the expiration of the voluntary departure period because he was waiting for the BIA's decision on

---

[7]*See Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 513 (1981) (noting the existence of a "well-settled rule that all parts of a statute, if possible, are to be given effect").

[8]Our conclusion is reenforced by the First Circuit's decision in *Keo Chan v. Gonzales*, 413 F.3d 161, 166 (1st Cir. 2005), where the court considered an analogous question.  In *Keo Chan*, the issue was whether a temporary stay of removal imposed by the circuit court tolled the time limit for the petitioner to file a motion to reopen.  The court held that it did not. *Id.*

his motion to reopen. *Id.* at 1280-81. The court held that the period of voluntary departure was tolled during the pendency of a motion to reopen because this result was necessary in order for aliens to have access to the redress of a motion to reopen (a remedy provided by Congress). *See id.* at 1289. As discussed above, here the statutory scheme Congress envisioned is fulfilled by simultaneous filings of petitions for review and motions for reconsideration. Furthermore, tolling these statutory time periods is not necessary to vindicate a petitioner's right to have a BIA decision reviewed in the court of appeals, or by the BIA on a motion for reconsideration. *Azarte* provides no support to Petitioner.

## III.

We conclude that filing a petition for review does not toll the time limit for filing a motion for reconsideration.[9] The BIA thus correctly denied Petitioner's motion to reconsider as untimely. Petitioner's petition for review is therefore **DENIED.**

---

[9]Petitioner also argues that the BIA erred in its October 31, 2002 decision. This argument has no merit. Petitioner's claim amounts to an argument that this Court incorrectly decided *Randhawa v. Ashcroft*, No. 02-4347, 121 F. App'x 612 (6th Cir. Jan. 31, 2005) (unpublished), where this Court affirmed the October 31, 2002 decision of the BIA. This issue is not properly before this Court because this is an appeal from the denial of a motion to reconsider the BIA's denial of Petitioner's motion to reopen, and were the issue properly before us, we could not review a decision of a prior panel. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).