# In re Paul SUSMA, Respondent

## File A71 851 674 - Chicago

*Decided June 24, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Pursuant to 8 C.F.R. § 3.2(c)(2) (1999), a motion to reopen must be filed no later than 90 days after the date of the final administrative decision of the Immigration Judge or the Board of Immigration Appeals.

(2) A motion to reopen a decision of the Board following judicial review is untimely if it is filed more than 90 days after the date of the Board's decision, even if the motion is filed within 90 days of the order of the court.

Robert A. Perkins, Esquire, Chicago, Illinois, for respondent

Seth B. Fitter, Assistant District Counsel, for the Immigration and Naturalization Service

Before:Board En Banc:  SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, SCIALABBA, and MOSCA-TO, Board Members

FILPPU, Board Member:

ORDER:

PER CURIAM. The motion to reopen has been filed out of time and will be denied. Our prior order in these proceedings was entered on June 30, 1997. Pursuant to 8 C.F.R. § 3.2(c)(2) (1999) (with certain exceptions not pertinent here), a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision.

> Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the *final administrative* decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. Except as pro-

> vided in paragraph (c)(3) of this section, an alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

8 C.F.R. § 3.2(c)(2) (emphasis added); *see also* 61 Fed. Reg. 18,900 (1996). In the instant case, a  motion to reopen would have been due on or before September 29, 1997. The record reflects, however, that the Board did not receive the motion until July 13, 1998. The motion to reopen was therefore filed out of time.

It appears that both the Immigration and Naturalization Service and the respondent have misinterpreted the date of the final administrative order in this matter. The Service argues in its brief that the date of the last administrative order was January 28, 1998, when the United States Court of Appeals for the Seventh Circuit dismissed the respondent's petition for review. The respondent argues that he filed his motion within 90 days of the court of appeals' decision dated April 14, 1998. We note that April 14, 1998, is the date that the court of appeals denied the respondent's petition for rehearing.

 For filing purposes, the final administrative decision in this matter was this Board's June 30, 1997, decision which dismissed the respondent's appeal. A *judicial* ruling cannot be considered the final *administrative* decision, and the filing of a court action seeking judicial review does not extend the time for filing a motion to reopen administrative proceedings. *See* 8 C.F.R. § 3.1(d)(2) (1999) ("The decision of the Board shall be final except in those cases reviewed by the Attorney General."); *see also* 8 C.F.R. § 3.39 (1999) ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). Moreover, the regulations also require that motions to reopen or reconsider shall state whether the validity of the exclusion, deportation, or removal order has been or is the subject of any judicial proceedings, thereby presupposing the administrative finality of the ruling that may be subject to judicial review. 8 C.F.R. § 3.2(e).

Finally, we note that efforts to obtain judicial review of final Board orders may proceed independent of motions filed with us seeking reopening or reconsideration. In other words, the time limitations for seeking reopening or reconsideration run separately from, and independently of, any action seeking judicial review. *See Stone v. INS*, 514  U.S. 386 (1995).

As the respondent did not file his motion within 90 days of the final administrative decision, it will be denied as untimely.

Accordingly, the motion to reopen is denied.