**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DIEGO ANTIGUA DELA CRUZ, JR.;
NIEVA ESPIRITU DELA CRUZ,
                    *Petitioners,*

            v.

MICHAEL B. MUKASEY,* Attorney
General,

                    *Respondent.*

Nos. 05-76564
        06-75285

Agency Nos.
A77-835-221
A77-835-223

OPINION

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 11, 2008**
San Francisco, California

Filed July 9, 2008

Before: A. Wallace Tashima and Susan P. Graber,
Circuit Judges, and Robert J. Timlin,*** District Judge.

Per Curiam Opinion;
Concurrence by Judge Graber

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

**COUNSEL**

Ted Laguatan, Law Offices of Ted Laguatan and Associates, Daly City, California, for the petitioners.

Don G. Scroggin and Robert N. Markle, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

**OPINION**

PER CURIAM:

In *Stone v. INS*, 514 U.S. 386 (1995), the Supreme Court held that the filing of a motion to reopen or reconsider before

the Board of Immigration Appeals ("BIA") does not toll the statutory time limit for filing a petition for review in the courts of appeals. Today, we hold that the reverse is also true: The filing of a petition for review in this court does not toll the statutory time limit for filing a motion to reopen before the BIA.

Petitioners Diego Antigua Dela Cruz, Jr., and his wife, Nieva Espiritu Dela Cruz, are citizens of the Philippines. In 1984, they legally entered the United States on the authority of six-month travel visas. They never left. Petitioners' youngest child was born in the United States on December 17, 1984, and she therefore is a United States citizen.

In 2000, the government issued to Petitioners a notice to appear. At a hearing before an immigration judge ("IJ"), Petitioners admitted removability but sought relief in the form of cancellation of removal and, alternatively, voluntary departure. The IJ denied cancellation of removal. The IJ held that Petitioners met all the requirements for cancellation of removal except a showing of hardship, because the aspects of hardship asserted by Petitioners were common to almost every cancellation of removal application. But the IJ granted voluntary departure.

On October 27, 2005, the BIA affirmed the IJ's decision in a one-judge unpublished opinion. Petitioners filed a timely petition for review in this court. Less than two months later, Petitioners' daughter turned 21 years old. She then filed a petition for legal resident status for her parents under 8 U.S.C. § 1151(b). That petition was provisionally approved by Immigration and Customs Enforcement.

Because of that changed circumstance, Petitioners filed a motion to reopen with the BIA on June 5, 2006. The BIA denied the motion to reopen on the ground that the motion was untimely. Petitioners filed a timely motion to reconsider. The BIA denied that motion because "the pending petition for

review with the Ninth Circuit did not toll the time limitation for filing a motion to reopen. Consequently, there is no error of fact or law in our [previous] decision, denying the motion to reopen as untimely, and reconsideration is not warranted." Petitioners filed a timely petition for review from the BIA's order denying the motion to reconsider. We consolidated the two petitions. 8 U.S.C. § 1252(b)(6).

**[1]** Petitioners' petition for review of the order of removal raises two issues that we have rejected previously. We lack jurisdiction over the IJ's "exceptional and extremely unusual hardship" determination. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003). Further, a one-judge opinion by the BIA does not violate Petitioners' due process rights. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-51 (9th Cir. 2003).

Petitioners' petition for review of the BIA's order denying their motion to reconsider raises the purely legal question addressed below. We review de novo the BIA's determination of purely legal questions. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

**[2]** "Except as provided in [provisions unrelated to this appeal], the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioners filed their motion to reopen more than 90 days after the BIA's decision ordering Petitioners removed. The motion was thus untimely.[1]

---

[1]Petitioners filed a petition for review from the BIA's denial of their motion to *reconsider*, not the BIA's denial of their motion to *reopen*. But that fact does not change the analysis here. In its order denying the motion to reconsider, the BIA held that it did not make an error of law in its order denying the motion to reopen as untimely. If Petitioners are correct that, as a matter of law, their motion to reopen was timely, then the BIA erred in *both* of its orders: first, by holding that Petitioners' motion to reopen was untimely and, second, by holding that it did not make an error of law in its previous order.

**[3]** If, however, the statutory time limit for filing a motion to reopen is tolled while a petition for review is pending in this court, then the motion was timely.[2] Petitioners argue that tolling applies because there was no "final administrative order of removal," *id.*, after Petitioners filed a petition for review with this court.

**[4]** In *Stone*, 514 U.S. at 405-06, the Supreme Court held that the filing of a motion to reopen or to reconsider with the BIA does not toll the statutory time limit for filing a petition for review. The Court held that a removal order is "final when issued," and "[i]ts finality is not affected by the subsequent filing of a motion to reconsider." *Id.* at 405. That conclusion stemmed from the Immigration and Nationality Act's consolidation provision: "When a petitioner seeks review of an order [of removal] under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order." 8 U.S.C. § 1105a(a)(6) (1995), *recodified at* 8 U.S.C. § 1252(b)(6). The consolidation provision contemplates two separate petitions for review: one from the BIA's decision ordering a petitioner removed and another from the BIA's decision denying a motion to reopen or reconsider. *Stone*, 514 U.S. at 394. The Court gave meaning to that provision by holding that the BIA's removal order remains *final*, even if the petitioner files a motion to reopen or reconsider. *Id.* at 394-95. The Court concluded that Congress "envisioned two separate petitions filed to review *two separate final orders*." *Id.* at 405 (emphasis added). Petitioners' contention—that a removal order's finality is affected by the filing of a petition for review in the court of appeals—is irreconcilable with that statutory scheme.[3]

---

[2]The type of tolling asserted by Petitioners is statutory tolling, not equitable tolling. There is no basis for applying equitable tolling here. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (stating the standard for equitable tolling).

[3]The Court's recent opinion in *Dada v. Mukasey*, 128 S. Ct. 2307 (2008), which interprets the statutory provisions concerning voluntary departure, does not detract from the *Stone* analysis.

**[5]** We therefore join our sister circuits and hold that the pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 155 (2d Cir. 2007) (per curiam); *Randhawa v. Gonzales*, 474 F.3d 918, 922 (6th Cir. 2007); *accord In re Susma*, 22 I. & N. Dec. 947, 948 (B.I.A. 1999) (en banc) (per curiam).

In No. 05-76564, the petition for review is DISMISSED in part and DENIED in part. In No. 06-75285, the petition for review is DENIED.

---

GRABER, Circuit Judge, with whom TASHIMA, Circuit Judge, and TIMLIN, District Judge, join,[1] concurring:

I concur in our per curiam opinion. As a matter of law, the filing of a petition for review in this court does not extend the time period during which an alien may file a motion to reopen with the BIA. I write separately to point out that the BIA may reopen a proceeding, sua sponte, at any time. 8 C.F.R. § 1003.2(a). I encourage the BIA to consider whether this case warrants a discretionary exercise of that authority.

Petitioners are in their 50s. All three of their children, and their children's families, legally reside in the United States. For more than 20 years, Petitioners have been productive members of society: They have never been arrested or charged with a crime; they have never been on welfare; they have successfully raised three children; and they have held full-time jobs and paid taxes. In fact, the government agrees with the immigration judge that Petitioners "are extremely deserving people for a favorable exercise of discretion."

---

[1]Even though all members of the panel agree with the sentiments stated here, we recognize that our views are dicta and, therefore, do not include them in the precedential opinion.

The BIA issued its decision just six weeks before Petitioners' daughter turned 21 years old and was able to petition for adjustment of status for her parents. That petition was provisionally granted. If the BIA had granted Petitioners' motion to reopen (or if it had issued its original decision later), Petitioners likely would have been able to avoid removal. As it is, upon our denial of the petitions for review, the stay of removal will lift automatically, and the government will be free to remove Petitioners, who then would be ineligible for reentry for several years. In the circumstances, as the immigration judge put it, Petitioners "are extremely deserving people for a favorable exercise of discretion."