**Inocente Miranda LEON;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 08–71525.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Inocente Miranda Leon, Moreno Valley, CA, pro se.

Maria Del Rosario Hernandez Soto, Moreno Valley, CA, pro se.

Brenda Miranda Hernandez, Moreno Valley, CA, pro se.

Jose Luis Miranda Hernandez, Moreno Valley, CA, pro se.

Teresa Zullivette Miranda Hernandez, Moreno Valley, CA, pro se.

OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit.,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' untimely motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have not contended that any recognized exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. *See id.; see also Dela Cruz v. Mukasey,* 532 F.3d 946, 947 (9th Cir.2008) (per curiam) ("The filing of a petition for review in this court does not toll the statutory time limit for filing a motion to reopen before the BIA.").

■ Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ This court lacks jurisdiction to review the BIA's refusal to reopen removal proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir. 2002). Accordingly, respondent's motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

