YUFEN WANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Yufen Wang, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–73956, 07–71743.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2008.*

Filed Sept. 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Bruce C. Wong, Esquire, Duxford Law Group, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Jennifer Levings, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Frank A. Wilson, Esquire, Assistant U.S., USSP—Office of the U.S. Attorney, Spokane, WA, for Respondent.

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK,** District Judge.

### MEMORANDUM***

Yufen Wang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' denial of her application for withholding of removal,[1] and its denial of her motion to reopen proceedings. We deny the petitions.

The BIA's determination that an alien is not eligible for withholding of removal must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' "

INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992); see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias–Zacarias, 502 U.S. at 481, 112 S.Ct. at 815. When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483–84, 112 S.Ct. at 817. The substantial evidence standard also applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir.2004). That includes determinations that corroborative evidence was available. See 8 U.S.C. § 1252(b)(4). However, when a determination is based upon credibility, " 'a specific, cogent reason' " for disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir.2004).

We have reviewed the record and are satisfied that the BIA's decision was supported by substantial evidence. Wang had not suffered past persecution; evidence of her claim of fear of future persecution was uncorroborated;[2] and her credibility was doubtful.[3] Moreover, even if

** The Honorable John W. Sedwick, Chief District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. See 8 U.S.C. § 1231(b)(3). The BIA also denied her application for asylum, and for relief under the Convention Against Torture. See 8 U.S.C. § 1158; United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 208.18. However, those issues were not briefed and are not before us. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir.2001).

2. Wang's reasons for failure to submit corroborating evidence were entirely inadequate. See Unuakhaulu v. Gonzales, 416 F.3d 931, 938 (9th Cir.2005); Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004); Chebchoub v. INS, 257 F.3d 1038, 1044–45 (9th Cir.2001).

3. See Don v. Gonzales, 476 F.3d 738, 743–44 (9th Cir.2007); Kaur v. Gonzales, 418 F.3d 1061, 1066 (9th Cir.2005).

accepted, the evidence was insufficient to compel a determination that there was a clear probability[4] that she would be persecuted should she return to China.[5]

■ Wang moved the BIA to reopen[6] so that she could establish her right to adjustment of status due to her marriage to a United States citizen during the proceedings.[7] However, the BIA denied the motion because she did not file it within the requisite ninety-day period. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *see also Dela Cruz, Jr. v. Mukasey,* 532 F.3d 946, 949 (9th Cir.2008); *Ekimian v. INS,* 303 F.3d 1153, 1156 (9th Cir.2002); *cf. Kalilu v. Mukasey,* 516 F.3d 777, 779–80 (9th Cir.2008) (per curiam) (timely motion to reopen). To the extent that Wang intends to suggest that the BIA should have exercised its discretion to reopen sua sponte,[8] we lack jurisdiction to consider that.[9]

Petition DENIED.

---

**4.** *See Gomes v. Gonzales,* 429 F.3d 1264, 1266 (9th Cir.2005).

**5.** Wang suggests that the immigration judge was biased because when he denied asylum, he referred to the fact that she obtained her entry visa by fraud. However, because she was not attempting to escape persecution, no error or bias was shown. *Cf. Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (fraudulent entry not considered when person was fleeing persecution).

**6.** *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1).

**7.** *See* 8 U.S.C. § 1255(e); *see also* 8 C.F.R. § 245.1(c)(8).

**8.** *See* 8 C.F.R. § 1003.2(a).

**9.** *See Ekimian,* 303 F.3d at 1159.

