**Ramon Ocampo POPOCA;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–71428.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Feb. 19, 2009.

Ramon Ocampo Popoca, Santa Ana, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eladia Angel Nava, Santa Ana, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Drew Brinkman, Susan Houser, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen removal proceedings.

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The BIA did not abuse its discretion in denying the motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Dela Cruz v. Mukasey,* 532 F.3d 946, 949 (9th Cir.2008) ("the pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA."); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004) (standard

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of review). Accordingly, this petition for review is denied in part.

Additionally, this court lacks jurisdiction to review the BIA's decision regarding whether to exercise its *sua sponte* authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir.2002). Accordingly, this petition for review is dismissed in part.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS*, 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551

(1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often forced to navigate this legal labyrinth alone, or with inadequate representation. In the vast majority of immigration cases before us, those who attempt to establish a productive life in this country fall prey to unscrupulous networks of notarios and appearance lawyers who constantly cheat immigrant clients and their families out of their hard-earned money. This state of affairs is a national disgrace, of which our government is well aware.

I hope and pray that soon the good men and women who run our government will craft a system that will assure that applicants like Petitioner are represented by competent counsel in every case, and that they will ameliorate the plight of families like Petitioner's and give us humane laws that will not cause families to disintegrate.