**Juan Ramon Gonzalez HERMOSILLO; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–72142, 07–73373.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Elsa I. Martinez, Esq., Mario Acosta, Jr., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Joshua E. Braunstein, Esq., Hillel Smith Fax, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

In these consolidated petitions for review, Juan Ramon Gonzalez Hermosillo and Rosaura Flores Vasquez ("the lead petitioners"), and their daughter, petition for review of the Board of Immigration Appeals' ("BIA") orders summarily affirming an immigration judge's ("IJ") denial of the lead petitioners' applications for cancellation of removal and denying petitioners' motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part both petitions for review.

Contrary to petitioners' contention, the IJ's application of the hardship standard falls within the broad range authorized by statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003). Petitioners' contention that the IJ "penalized" the lead petitioners' son for being talented is not supported by the record.

We lack jurisdiction to review the IJ's discretionary determination that the lead petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

We also lack jurisdiction to review petitioners' due process claims because they failed to raise the claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (requiring exhaustion of procedural due process claims).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed more than a year after the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2); *see also Dela Cruz v. Mukasey*, 532 F.3d 946, 947 (9th Cir.2008) (per curiam) ("The filing of a petition for review in this court does not toll the statutory time limit for filing a motion to reopen before the BIA.").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

Petitioners' remaining contentions are without merit.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

