**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ASRAF UZ ZAMAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-73684

Agency No. A075-980-313

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Asraf Uz Zaman, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  Reviewing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Zaman's request for oral argument is denied.

/Research

for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zaman's motion to reopen because the motion was filed more than two years after the BIA's order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2); *see also Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (motion to reopen based on pending I-130 petition may be granted if, *inter alia*, the motion is timely filed), and Zaman failed to demonstrate changed circumstances in Bangladesh to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945 ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We lack jurisdiction to review Zaman's contention that the filing deadline should have been tolled because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

To the extent Zaman contends that the BIA should have invoked its sua sponte authority to reopen proceedings, we lack jurisdiction. *See Ekimian v. INS*,

303 F.3d 1153, 1159 (9th Cir. 2002).

Zaman's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**