**Jose de Jesus MUNOZ BUZO;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 07–72937.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Jose De Jesus Munoz Buzo, Mission Viejo, CA, pro se.

Pascuala Diaz Vera, Mission Viejo, CA, pro se.

Kurt B. Larson, Esquire, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose De Jesus Munoz Buzo and Pascuala Diaz Vera, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than 21 months after the BIA's May 31, 2005, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish grounds for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Dela Cruz v. Mukasey,* 532 F.3d 946, 949 (9th Cir.2008) (per curiam) (pending petition for review does not toll time limit for filing motion to reopen with BIA). Petitioners' contention that the denial of their motion to reopen violated due process therefore fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.