**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3111
_____

NEREIDA SKENDAJ; RAFAELO SKENDAJ,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A98-642-500 & A98-642-501)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: June 8, 2010)
_____

OPINION
_____

PER CURIAM

Nereida Skendaj and her son, Rafaelo Skendaj, citizens of Albania, sought asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT") in

response to charges of removability, which they conceded.  Primarily, the grounds for

relief were Nereida Skendaj's experiences in 1997 and 2002 (originally, claims on the bases of nationality, political opinion, and membership in a particular social group), although incidents in the years between 1997 and 2002 related to her application for relief.

The Immigration Judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Skendaj filed a petition for review, which we denied. See Skendaj v. Attorney Gen. of the United States, 275 F. App'x 126 (3d Cir. 2008). We also denied Skendaj's subsequent motion for rehearing. See Skendaj v Attorney Gen. of the United States, No. 06-5029 (order entered on July 18, 2008).

In December 2008, Skendaj (on behalf of herself and her son) returned to the BIA with a motion to reopen. The BIA denied the motion to reopen. Skendaj presents a petition for review of the BIA's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Review of the BIA's decision to deny the motion to reopen is under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The discretionary decision is not disturbed unless it is found to be arbitrary, irrational or contrary to law. See id. In this case, we cannot say that the BIA's decision was arbitrary, irrational or contrary to law.

To her motion to reopen, Skendaj attached voluminous exhibits, including, among other things, an affidavit from someone in the Democratic Party who could verify

Skendaj's support of the Democratic Party in 1996-1997, and an affidavit from her brother-in-law, who witnessed three masked men enter his mother's (Skendaj's mother-in-law's) home searching for Skendaj in 2007 in order to imprison and kill her. Her sister and mother, who, like Skendaj's father and the rest of her siblings, were granted asylum, submitted affidavits to attest to Skendaj's experiences in Albania. A friend submitted an affidavit to discuss his similar experiences. Skendaj also included a 2007 State Report and other reports and newspaper articles.

The BIA held that the motion was untimely, as it was filed more than 90 days after the BIA issued its order, after considering whether the time limit should not apply because Skendaj was seeking to apply or reapply for asylum based on changed country conditions. The BIA noted that some of the evidence provided by Skendaj was unavailable at the time of the earlier hearing. The BIA also noted that the evidence included proof that Albania continues to experience problems with corruption, occasional violence, the electoral process, and antagonism between the Democratic Party (now the ruling majority) and the opposition Socialist Party. However, the BIA, citing the 2004 State Report, ruled that the evidence was not inconsistent with the evidence Skendaj presented at her hearing. The BIA also noted that Skendaj previously presented evidence that some of her family members had been granted asylum. Although Skendaj had argued that the political situation in Albania made it difficult to get information about her support of the Democratic Party, the BIA stated that to the extent that the evidence described

3

events before Skendaj left Albania, the evidence had been available or was discoverable previously. The BIA further ruled that the evidence of threats by unidentified men in her mother-in-law's home was insufficient to establish changed country conditions. The BIA also noted that the Democratic Party has become the ruling majority in Albania.

The BIA did not abuse its discretion in denying the motion to reopen for the reasons it gave.[1] An alien faces a time limitation on filing motions to reopen. Most motions to reopen must be filed no later than 90 days after the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). However, the time limit is suspended in some cases by changed country circumstances, where the evidence of changed circumstances "is material and was not available and could not have been discovered or presented at the previous hearing." See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), Johnson v. Aschcroft, 286 F.3d 696, 704 (3d Cir. 2002).

Skendaj and her son clearly filed the motion to reopen more than 90 days after the BIA rendered its decision (the time-period was not tolled by proceedings in this Court, see In re Susma, 22 I. & N. Dec. 947, 948 (BIA 1999)). The question is whether they

---

[1]The BIA declined to exercise its discretion to reopen the matter *sua sponte*. That decision is a discretionary decision beyond this Court's jurisdiction. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")

4

presented material and previously unavailable evidence of changed country conditions. It cannot be said that the BIA abused its discretion in ruling that they had not. Some of the evidence was clearly available previously, and indeed had been presented previously, such as the evidence that Skendaj's family members had been awarded asylum. To the extent that the evidence was new and previously unavailable, it did not establish changed country conditions, as the BIA explained. The evidence relating to country conditions was markedly similar to the evidence that the petitioners presented previously. (And, as the BIA noted, the Democratic Party is now the ruling party in Albania.) Also, the evidence of unidentified men making threats was not sufficient to show changed country conditions.

Because the BIA did not abuse its discretion in denying the motion to reopen, we will deny the petition for review.