**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO MARTINEZ GUTIERREZ;
TERESITA DE JESUS ALFARO
CADENA,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70715

Agency Nos.  A096-051-860
A096-051-861

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Pedro Martinez Gutierrez and Teresita De Jesus Alfaro Cadena, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings.  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely petitioners' motion to reopen because the motion was filed almost ten months after the BIA's October 5, 2006, order dismissing the underlying appeal. *See* 8 C.F.R. § 1003.2; *see also Dela Cruz v. Mukasey*, 532 F.3d 946, 949 (9th Cir. 2008) (per curiam) ("[T]he pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA.").

To the extent petitioners challenge the BIA's decision not to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

Because the untimeliness of the motion is dispositive, we do not reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**