**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEVORG GYOZALYAN,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 11-71695

Agency No. A095-415-875

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Gevorg Gyozalyan, a native of Lebanon and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel. We have jurisdiction under

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Gyozalyan's motion to reopen on the ground that it was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Gyozalyan failed to establish prejudice from alleged ineffective assistance by his former attorney, where the marriage that allegedly made Gyozalyan eligible for adjustment of status occurred after expiration of the 90-day filing period for reopening. *See Iturribarria*, 321 F.3d at 899-900 (to establish ineffective assistance of counsel, a petitioner must show prejudice). Contrary to Gyozalyan's contention, at the time his motion to reopen was due, the law was not unsettled regarding whether the pendency of his previous petition for review in this court tolled the filing deadline for his motion to reopen. *See Matter of Susma*, 22 I. & N. Dec. 947, 948 (BIA 1999) ("[T]he filing of a court action seeking judicial review does not extend the time for filing a motion to reopen administrative proceedings.").

Because the BIA's denial of Gyozalyan's motion to reopen on this basis is dispositive, we do not reach Gyozalyan's remaining contentions regarding due diligence or compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED.**

11-71695