**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO ALONSO GAMEZ-
MONTOYA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-1395

Agency No.
A202-013-861

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024[**]
Phoenix, Arizona

Before: TASHIMA, M. SMITH, and BADE, Circuit Judges.

    Fernando Gamez-Montoya (Gamez-Montoya), a native and citizen of

Mexico, petitions for review of a decision of the Board of Immigration Appeals

(BIA) denying his motion to reopen his immigration proceedings. Through the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion, Gamez-Montoya sought administrative closure pending adjudication of his wife's U-1 nonimmigrant petition, of which Gamez-Montoya is the beneficiary. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling. We have jurisdiction to review the BIA's denial of the motion pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. The BIA did not abuse its discretion in denying Gamez-Montoya's motion as untimely. Gamez-Montoya acknowledged that his motion was time-barred. Further, the BIA correctly declined to apply equitable tolling because Gamez-Montoya failed to show that he filed his motion with "due diligence," *Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011) (citation omitted), and did not present "affidavits or other evidentiary material," 8 C.F.R. § 1003.2(c)(1), in support of his request for tolling. This result is not changed by Gamez-Montoya's claim that he waited to file his motion until after "the pendency of [his] petition for review of an order of removal." *Dela Cruz v. Mukasey*, 532 F.3d 946, 949 (9th Cir. 2008) (per curiam); *see, e.g.*, *Tsadourian v. Holder*, 333 F. App'x 236, 237 (9th Cir. 2009).

2. Nor did the BIA abuse its discretion in finding that, even if the motion were not untimely, Gamez-Montoya failed to establish that reopening was warranted. The BIA correctly reasoned that if Gamez-Montoya were granted a visa by virtue of his wife's U visa petition, he could file a motion to reopen and

administratively close his immigration proceedings at that time. *See* 8 C.F.R. §
214.14(c)(5)(i). The BIA also correctly determined that Gamez-Montoya failed to
demonstrate prima facie eligibility for a U visa because he did not show that his
wife's U visa petition was likely to be successful. *See INS v. Doherty*, 502 U.S. 314,
323 (1992); *see, e.g.*, *Vigil-Carballo v. Barr*, 812 F. App'x 553, 554 (9th Cir. 2020).

3.      We lack jurisdiction to review the BIA's denial of *sua sponte* reopening
because it "was not premised on legal or constitutional error." *Lona v. Barr*, 958
F.3d 1225, 1228 (9th Cir. 2020). Gamez-Montoya does not contend otherwise. *See*
*Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (arguments not
raised in a petition for review are waived). Similarly, we lack jurisdiction to review
the BIA's denial of administrative closure in the exercise of prosecutorial discretion.
*Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION DENIED.**