NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALMA STEFANY CASTILLO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2645

Agency No.
A205-078-318

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025**
Pasadena, California

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Petitioner Alma Stefany Castillo is a native and citizen of El Salvador.

During removal proceedings, she applied for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). In 2019, the Board of

Immigration Appeals ("BIA") dismissed Petitioner's appeal from an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judge's adverse decision and issued a final order of removal. We upheld the agency's decision on November 21, 2022. Castillo v. Garland, No. 20-70130, 2022 WL 17090166 (9th Cir. Nov. 21, 2022). Three days earlier, on November 18, 2022, Petitioner filed a motion with the BIA to reopen her case. The BIA denied the motion to reopen in 2023. In the instant petition for review, Petitioner argues that the BIA should have granted the motion because Niz-Chavez v. Garland, 593 U.S. 155 (2021), represents a material change in the law affecting her case. We deny the petition in part and dismiss it in part.

The BIA correctly determined that Petitioner's motion was untimely. The relevant statute and implementing regulation require a motion to reopen to be filed within 90 days of the date when the final administrative order of removal is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Here, the pertinent date is December 16, 2019, so Petitioner filed her motion nearly three years too late. And despite Petitioner's suggestion to the contrary, "the pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA." Dela Cruz v. Mukasey, 532 F.3d 946, 949 (9th Cir. 2008) (per curiam).

The BIA also declined to reopen sua sponte Petitioner's case. See Bonilla v. Lynch, 840 F.3d 575, 582 n.4 (9th Cir. 2016) (noting that, even when the motion to reopen is untimely, the BIA may "decide[] to reopen proceedings on its own

authority" (citing 8 C.F.R. § 1003.2(a))).  The BIA permissibly reasoned that, although a fundamental change in law can be an exceptional circumstance warranting reopening, Niz-Chavez's ruling regarding the "stop-time" rule is not relevant to Petitioner's case because she was neither prevented from seeking relief nor denied relief based on that rule.  Because the BIA made no legal or constitutional error, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen.  See Lona v. Barr, 958 F.3d 1225, 1234–35 (9th Cir. 2020).

**PETITION DENIED IN PART AND DISMISSED IN PART.**