NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO ALFREDO MARTINEZ DIAZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-1270 <br><br> Agency No. <br> A070-056-366 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2024
Submission Vacated November 25, 2024
Resubmitted April 24, 2026
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Julio Alfredo Martinez Diaz, a native and citizen of El Salvador, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming a

decision by the immigration judge ("IJ") denying cancellation of removal,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's decision and, where expressly adopted, the IJ's decision. *See B.R. v. Garland*, 26 F.4th 827, 835 & n.4 (9th Cir. 2022). We grant the petition in part, dismiss it in part, deny it in part, and remand.

1. Martinez's due process claim—that the BIA failed to address his arguments regarding a drug conviction that renders him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A)–(D)—no longer presents a live controversy. Martinez moved to reopen his case based on new evidence that the conviction was not attributable to him, and the BIA denied the motion on the independent ground that he had "not made out a prima facie case of exceptional and extremely unusual hardship to a qualifying relative." *See* 8 U.S.C. § 1229b(b)(1)(D). Because Martinez did not timely petition for review of the BIA's denial of reopening, *see* 8 U.S.C. § 1252(b)(1), that decision is now final.[1]

Thus, even if the disqualifying conviction is not attributable to Martinez, he would still be ineligible for cancellation of removal due to lack of hardship. Therefore, we cannot grant any effectual relief, and we dismiss the due process claim as moot. *See Gutierrez v. Saenz*, 606 U.S. 305, 320 (2025); *cf. Singh v. Barr*,

---

[1] Although the government represents that Martinez moved within 30 days for reconsideration of the BIA's order, *see* 8 C.F.R. § 1003.2(b)(2), "the filing of a motion . . . to reconsider with the BIA does not toll the statutory time limit for filing a petition for review." *Dela Cruz v. Mukasey*, 532 F.3d 946, 948 (9th Cir. 2008) (per curiam).

935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (explaining that "remand to the BIA" is unnecessary where it "would be an idle and useless formality" (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969))).

2.  Martinez also challenges the agency's denial of withholding of removal and CAT relief.  We review the agency's legal determinations de novo and its factual findings for substantial evidence.  *See Ruiz v. Bondi*, 163 F.4th 586, 592 (9th Cir. 2025).

a.  Substantial evidence does not support the BIA's conclusion that Martinez's status as a Salvadoran paraplegic man "was not 'a reason' for his . . . fear of future harm."[2]  The IJ found Martinez "exceptionally vulnerable," and Martinez submitted country conditions evidence of violent crimes "directed against . . . members of vulnerable populations," as well as rampant discrimination against the disabled that the Salvadoran government is unwilling or unable to address.  In attributing Martinez's feared violence to "common criminal activity" or "random violence by gang members," the BIA relied on inapposite cases that do not involve particularly vulnerable individuals who are targeted for violent crimes based on their vulnerabilities.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("Americans or . . . wealthy individuals"); *Zetino v. Holder*, 622

---

[2] Because Martinez's paraplegia occurred after he left El Salvador, we need not decide whether substantial evidence supports the agency's finding regarding past persecution.  *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026).

23-1270

F.3d 1007, 1015–16 (9th Cir. 2010) (land owners or tattooed individuals).

Therefore, we grant the petition for review as to Martinez's claim regarding withholding of removal and remand for the BIA to reconsider whether Martinez's paraplegia is a reason for the future persecution he fears.

b.  Substantial evidence supports the agency's conclusion that Martinez failed to show any torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official."  8 C.F.R. § 1208.18(a)(1).  The country conditions evidence shows only that the Salvadoran government acquiesces in human rights abuses committed by government actors against suspected gang members, not torture committed by organized criminals.  Therefore, we deny the petition for review as to Martinez's CAT claim.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**

Costs are awarded to petitioner.

23-1270