NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIMAS DE LEON-RIOS,<br><br>    Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 25-5212<br><br>Agency No.<br>A042-318-604<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Dimas De Leon-Rios, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

De Leon-Rios does not challenge the BIA's conclusion that he waived review of the IJ's dispositive determination that his conviction for a particularly serious crime rendered him ineligible for asylum, withholding of removal, and withholding of removal under the CAT, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's denial of deferral of removal under the CAT because De Leon-Rios failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

De Leon-Rios' contention that the agency ignored evidence of the likelihood of future torture is unsupported by the record.

To the extent De Leon-Rios raises a due process claim that the IJ failed to address his request for a waiver of removability, his claim fails for lack of prejudice because he is not eligible for a waiver. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[P]rejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

25-5212

De Leon-Rios' new allegations of harm to his family are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

We do not consider the materials De Leon-Rios references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We do not address De Leon-Rios' challenge to the BIA's February 19, 2026 order denying his motion to reopen because that challenge is not properly before this court. *See Dela Cruz v. Mukasey*, 532 F.3d 946, 948 (9th Cir. 2008) ("Congress envisioned two separate petitions filed to review two separate final orders." (internal quotation marks, emphasis, and citation omitted)).

All pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**