**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0117n.06

**No. 10-3414**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ADNAN BUSHATI; VALBONA BUSHATI; EUGENT BUSHATI; and ERISA BUSHATI, | ) ) ) | **FILED** |
|  | ) | **Jan 31, 2012** |
| Petitioners, | ) | LEONARD GREEN, Clerk |
|  | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS |
|  | ) | |
|  | ) | |
| ERIC H. HOLDER, Jr., United States Attorney General, | ) ) | |
|  | ) | |
| Respondent. | ) | |

Before:  SILER, CLAY, and ROGERS, Circuit Judges.

 **SILER**, Circuit Judge.  Adnan Bushati and his family were denied asylum and withholding of removal by an immigration judge ("IJ") in 2006.  That decision was affirmed by the Board of Immigration Appeals ("BIA") in 2008.  The BIA denied Bushati's motion to reopen the proceedings based on changed country conditions in Albania, and Bushati petitions this court for review of that decision.  He argues that the BIA abused its discretion by erroneously determining that the evidence presented by Bushati was previously available and did not establish changed country conditions.  For the reasons stated below, we **DENY** the petition for review.

**I.**

 Bushati, his children Eugent and Erisa, and his wife Valbona (collectively "Petitioners") are natives and citizens of Albania.  When the Department of Homeland Security served Bushati in 2004

with a notice to appear and answer to charges that he was removable for remaining in the United States beyond an authorized date, Petitioners sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Bushati alleged that he suffered ongoing persecution in Albania because of his political beliefs and involvement with the Albanian Democratic Party. He stated that on several occasions from 1991 to 2003 he was threatened, taken into custody by police, and beaten because of his political opinion. Bushati's son Eugent also suffered harassment and was the victim of an apparent kidnapping attempt in 2002.

The IJ denied Petitioners' applications for relief and protection from removal. The IJ found that Petitioners' application for asylum was untimely because it was filed more than a year after Bushati's entry into the United States. With regard to Petitioners' request for withholding of removal and CAT protection, the IJ determined that Bushati did not present sufficiently credible testimony or corroborative evidence to support the request. Finally, the IJ concluded that Petitioners failed to establish a clear probability of future persecution or torture because the Democratic Party was in power in Albania. The BIA dismissed Petitioners' appeal, adopting and affirming the IJ's determinations, and this court denied the petition for review. *Bushati v. Mukasey*, 310 F. App'x 883 (6th Cir. 2009).

On September 17, 2009, Petitioners filed a motion to reopen the proceedings with the BIA, claiming a renewed fear of persecution in light of changed conditions in Albania. In support of the motion, Petitioners submitted two newspaper articles regarding recent elections and a statement from Valbona Bushati's sister explaining that she is worried for the Bushati family's safety because

"particular persons of the past system are looking for" Petitioners. Petitioners also submitted a sworn statement from Bernd J. Fischer, a professor at Indiana University, Fort Wayne, with expertise in Balkan history and Albanian society. Finally, Petitioners included two new asylum applications and supporting statements from Bushati and Eugent.

The BIA denied the motion to reopen, finding that Petitioners had failed to demonstrate changed country conditions, especially in light of the IJ's initial adverse credibility determination regarding Bushati. The BIA also stated that much of the information included with the motion to reopen was previously available and could have been presented at the initial hearing in 2006.

## II.

"The denial of a motion to reopen . . . is reviewed for an abuse of discretion." *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). Aliens are generally permitted to file one motion to reopen proceedings within 90 days of the entry of the final order of removal. 8 U.S.C. § 1229a(c)(7). The time and number limits do not apply, however, if a motion regarding asylum is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 CFR § 1003.2(c)(3)(ii); *see also* 8 CFR § 1003.23(b)(4)(i) (explaining that the same requirements of changed country conditions and previously unavailable evidence apply to withholding of removal under the CAT).

## III.

Evidence can support a motion to reopen proceedings only if it was "not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Most of the evidence submitted by Petitioners, including the statements from Bushati, his son and sister-in-law, and much of Professor Fischer's statement, was available in 2006 and could have been presented then.

The asylum applications and statements from Bushati and Eugent merely discuss events that took place prior to 2006, with the exception of the last paragraphs. Other than these last paragraphs, which simply mention the recent elections and do not explain any changed country conditions at all, the evidence contained in the statements could have been presented at the 2006 hearing.

Petitioners also submitted a statement from Valbona Bushati's sister stating that "particular persons of the past system are looking for [the Bushati] family and especially the son, Eugent Adnan Bushati and the father, Adnan Bushati. Their return in Albania is a great danger because in our country the real democracy did not win yet." Although this statement was made in 2009, there is nothing to suggest that it describes post-2006 events or that it could not have been submitted at the initial hearing.[1]

Finally, much of Professor Fischer's statement relates to Albania's political and social climate generally and could have been presented in 2006. The focus of the statement is the "political culture" in Albania, which, "still informed by its Stalinist past," "is central to the unstable conditions in Albania and the danger to Adnan Bushati."

---

[1] Even assuming the sister-in-law's statement about "particular persons of the past system" looking for the Bushati family was based on post-2006 events, it is not evidence of changed country conditions in Albania. It is also too vague and conclusory, as "speculative conclusions [and] mere assertions of fear of possible persecution" are insufficient to support a motion to reopen. *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004) (internal quotation marks omitted).

**IV.**

Petitioners are correct that some of the evidence was not previously available because it contains information about events that have taken place since 2006. The evidence submitted by Petitioners that was not previously available includes two news articles and the portions of Fischer's statement that discuss the 2007 and 2009 elections and other recent events in Albania.

"'In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Bi Feng Liu v. Holder*, 560 F.3d 485, 491 (6th Cir. 2009) (quoting *Matter of S-Y-G,* 24 I. & N. Dec. 247, 253 (BIA 2007)) (alterations in original). "[A]n alien filing a motion to reopen based on changed country conditions cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Harchenko*, 379 F.3d at 410 (internal quotation marks omitted).

The news articles and Fischer's statement describe current country conditions and relatively recent events, but they do not demonstrate that the conditions in Albania have changed since 2006 or that any supposed changes warrant a reopening of the proceedings in this case. For example, the two news articles discuss controversies surrounding the 2009 election, including problems with vote counts and the Socialist Party's legal challenges to the results. As portions of Fischer's statement indicate, however, rather than demonstrate changed country conditions, these articles actually show the same problems that have been plaguing Albania for many years:

> The [2009] election itself was deemed by some observers as a marked improvement while others were not willing to consider it more tha[n] a slight improvement over previous elections. . . . *As in past elections*, [public] distrust became particularly acute during the vote counting process. . . . The[] recent events [in Albania] fall into a familiar pattern of election fraud and violence.

Fischer Aff. ¶¶ 10, 11 (emphasis added). Fischer also stated that Bushati "should *continue* to fear the police who arrested, threatened and beat him in the past," *id.* ¶ 15 (emphasis added), and that "corruption *remains* a widespread and serious problem" in Albania, *id.* ¶ 18 (emphasis added). These statements suggest that while the conditions in Albania may be far from ideal, they have not changed, as required by 8 U.S.C. § 1229a(c)(7)(C)(ii). *See Bi Feng Liu*, 560 F.3d at 492 (holding that State Department report detailing China's poor human rights record actually demonstrated that the conditions in China "remained consistent"). Moreover, Bushati's own Democratic Party won the 2009 elections and is currently still in power, undercutting Petitioners' argument that conditions in Albania have changed such that the proceedings should be reopened.

Finally, Bushati has failed to address the IJ's initial adverse credibility finding, as is required by petitioners who file a motion to reopen. *See Sako v. Gonzales*, 434 F.3d 857, 866 (6th Cir. 2006). Any evidence submitted by Petitioners in support of their motion to reopen is thus not "material" because they remained faced with the initial adverse credibility ruling and the outcome of the proceedings is unlikely to change. *See In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992).

For these reasons, the BIA did not abuse its discretion in finding that Petitioners did not present evidence of changed circumstances that warranted reopening of these proceedings.

**PETITION DENIED.**