NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1170n.06

No. 11-4386

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 09, 2012*
DEBORAH S. HUNT, Clerk

MOHAMMAD MAHMOUD )
ABUALROB, )
)
    Petitioner, ) ON PETITION FOR REVIEW FROM A
) FINAL ORDER OF THE BOARD OF
v. ) IMMIGRATION APPEALS
)
ERIC H. HOLDER, JR., Attorney General )
of the United States, )
)
    Respondent. )

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Mohammad Mahmoud Abualrob, a native of Kuwait and citizen of Jordan who identifies ethnically as a Palestinian, petitions for review of a Board of Immigration Appeals order denying his second motion to reopen as untimely, number-barred, and without merit.

Abualrob entered the United States on a visitor's visa and then changed his status to F-1, a foreign student, but failed to attend school after December 1995. Abualrob filed applications for asylum, withholding of removal, and relief under the Convention Against Torture in February 1998, and the government initiated removal proceedings in July of that year. Abualrob stated that he feared persecution in Kuwait and Jordan. After a hearing, an immigration judge (IJ) determined that, in regard to his claim for asylum from Kuwait, Abualrob had firmly resettled in Jordan after an alleged encounter with Iraqi soldiers in Kuwait in 1990. Regarding his claim for asylum from Jordan, the IJ determined that Abualrob lacked credibility and had presented no corroborating evidence of his alleged mistreatment in Jordan. Therefore, the IJ denied asylum relief but granted withholding of

removal to Kuwait and voluntary departure to Jordan. Because Abualrob failed to meet his burden of showing that he was entitled to asylum from Jordan, the IJ found that Abualrob could not meet the more stringent requirements for withholding of removal to that country. The Board dismissed Abualrob's appeal of that decision and upheld the IJ's grant of voluntary departure.

Abualrob did not depart from the United States, but filed a motion to reopen in April 2003 based on his marriage to a United States citizen and a pending I-130 petition filed on his behalf. The Board denied the motion because Abualrob had failed to submit his I-130 application with his motion as required by the regulations. We subsequently upheld the Board's decision. *Abualrob v. Gonzales*, No. 03-4087 (6th Cir. May 5, 2005) (order).

Again, Abualrob did not depart for Jordan. He filed a second motion to reopen the Board's decision in 2011 based on the argument that country conditions had changed in Jordan. Abualrob alleged that he would now be eligible for asylum and for withholding of removal to Jordan because conditions had deteriorated for Palestinians since his hearing in 1999. Abualrob claimed that Palestinians are now being denied citizenship in Jordan, and their passports are being revoked. Abualrob submitted State Department reports as evidence that foreign domestic workers are suffering abuse in the form of discrimination and unfair treatment, and that students who express solidarity with Palestinians are sometimes expelled from universities in Jordan. Abualrob argued that this evidence established that he would be subjected to severe economic hardship and thus, persecution. He also argued that the Board should reconsider its previous order denying his first motion to reopen because of his former counsel's procedural errors.

The Board denied the second motion to reopen as time and number-barred, and it determined that the evidence that Abualrob had presented failed to establish a change in country conditions or circumstances that warranted a reopening of the case sua sponte. The Board also denied Abualrob's request to reconsider its previous order denying his first motion to reopen because any claim of ineffective assistance of counsel could not be considered when Abualrob had not complied with the

prerequisite procedures set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and had failed to demonstrate due diligence in pursuing this claim.

On appeal, Abualrob argues that the Board failed to fully consider the evidence he submitted in support of his assertion that country conditions in Jordan have changed. Abualrob fails to challenge the Board's determination that sua sponte reopening is not warranted in this case, and that he failed to meet the prerequisites for presenting a claim of ineffective assistance of counsel. Therefore, we will not consider these arguments. *See Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006).

We have jurisdiction to review motions to reopen under 8 U.S.C. § 1252(a), *see Kucana v. Holder*, 130 S. Ct. 827, 840 (2010), and review the denial of a motion to reopen for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). An abuse of discretion occurs when the Board's denial of a motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quotation marks and citation omitted). Because of the Board's broad discretion, Abualrob bears a "heavy burden" of showing that his case should be reopened. *See Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).

The statute and regulations limit an alien to only one motion to reopen, 8 U.S.C. § 1229a(c)(7)(A), and it must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007). The time limits for filing a motion to reopen "are crystal clear," *Randhawa v. Gonzales*, 474 F.3d 918, 920 (6th Cir. 2007), and are subject to narrow exceptions. The only exception which is applicable here is where the applicant is alleging changed circumstances in the country of his nationality. *See* 8 U.S.C. § 1129a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Haddad v. Gonzales,* 437 F.3d 515, 517–18 (6th Cir. 2006). The evidence

presented to support an argument of changed circumstances in a country must be "material" and unavailable for discovery or presentation at the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, the evidence must show that the change in conditions creates a real and individualized threat to the applicant. *See Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004).

Abualrob argues that the Board failed to properly analyze the new evidence he proffered, relying on *Bushati v. Holder*, 458 F. App'x 457 (6th Cir. 2012), and *Bi Feng Liu v. Holder*, 560 F.3d 485 (6th Cir. 2009). In *Bushati*, we only explained the Board's process of comparing the new evidence of country conditions with evidence of country conditions at the time of the initial merits hearing to decide whether to reopen a claim. *Bushati*, 458 F. App'x at 460–61. In *Bi Feng Liu*, we noted that the Board "owed no duty to rehearse" all of the claimant's evidence "for the sake of completeness so long as the [Board] analyzed and explained the basis upon which it decided against [the claimant]." *Bi Feng Liu*, 560 F.3d at 492 n.5. These cases do not require the Board to recite and summarize all of the evidence presented. Moreover, there is nothing in this record to suggest that the Board failed to consider all of the reports Abualrob submitted, or failed to compare the new evidence with the country conditions that existed at the time of Abualrob's 1999 hearing.

The Board complied with its obligation to announce its decision in terms that are sufficient for meaningful review. *See Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003). Moreover, the Board's decision to deny Abualrob's motion to reopen was not made without a rational explanation, did not inexplicably depart from established policies, and did not rest on an impermissible basis. *See Allabani*, 402 F.3d at 675. On the merits, Abualrob relies on reports that lack any specific description of how he may now be targeted for persecution in Jordan. Abualrob sets forth only speculative claims that his citizenship may be revoked or his passport rendered invalid, without documentation to support those alleged fears. These bare assertions did not present a prima facie case for reopening his appeal. *See Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008).

The petition for review is denied.