**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK LIE; TRACE GUNAWAN, | No. 08-71527 |
| Petitioners, | Agency Nos. A077-815-113 |
| | A077-855-356 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Frank Lie and Trace Gunawan, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying as untimely petitioners' motion to reopen because the motion was filed over three years after the BIA's order dismissing the underlying appeal. *See* 8 C.F.R. § 1003.2(c)(2); *see also Dela Cruz v. Mukasey*, 532 F.3d 946, 949 (9th Cir. 2008) (per curiam) ("[T]he pendency of a petition for review of an order of removal does not toll the statutory time limit for the filing of a motion to reopen with the BIA."). Additionally, petitioners failed to present sufficient evidence of changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also He v. Gonzales*, 501 F.3d 1128, 1131-32 (9th Cir. 2007) (change in personal circumstances does not establish changed circumstances in the country of origin excusing untimely motion to reopen).

We reject petitioners' contention that the BIA failed to consider the evidence because they have not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**