Frans LIE and Trace Gunawan, Petitioners,

v.

Jefferson B. SESSIONS III, Attorney General Respondent.

No. 11-72175

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2017 * San Francisco, California

Filed June 30, 2017

Kari Elisabeth Hong, Attorney, Boston College Law School, Newton, MA, for Petitioners

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Andrew B. Insenga, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER and N.R. SMITH, Circuit Judges and BATTAGLIA,** District Judge.

## MEMORANDUM ***

Petitioners Frans Lie and Trace Gunawan (collectively referred to as the "Lie Family") filed a petition to review the Board of Immigration Appeals' ("BIA") denial of their second motion to reopen seeking asylum, withholding, and relief under the Convention Against Torture ("CAT") as untimely. A panel of this court held that the BIA did not abuse its discretion in denying the Lie Family's first motion to reopen because the Lie Family had not presented sufficient evidence of changed country conditions in Indonesia. *Lie v. Holder*, 410 Fed.Appx. 65 (9th Cir. 2011).

The crux of the current petition is whether the Lie Family has produced evidence to satisfy an exception to the ninety-day filing deadline that is "based on changed circumstances arising in the country of nationality...." 8 C.F.R. § 1003.2(c)(2). Additionally, the Lie Family asserts that remand is warranted based upon their contentions that the BIA's order is vague, ambiguous, and fails to address their CAT claim. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

It is undisputed that the factual basis underlying the Lie Family's 2003 asylum application (based on persecution on account of their Chinese ethnicity and Buddhist beliefs) and their 2011 motion to reopen (based on their fear of future persecution on account of their Christian beliefs) are qualitatively different. Nevertheless, despite their change in personal circumstances, the Lie Family's 2011 motion to reopen fails to present evidence to demonstrate that country conditions for Indonesian Christians has materially changed since they filed their 2003 asylum application. *Najmabadi*, 597 F.3d at 989–90 (holding that evidence must be "qualitatively different" to warrant reopening). Instead, the evidence attached to their asylum application and motion to reopen documents a constant and persistent state of aggression and violence against Christians living in Indonesia that has neither escalated nor increased since 2003. Accordingly, on review, we do not find that the BIA abused its discretion when it held that the Lie Family's motion to reopen was untimely as they had failed to present sufficient evidence to es-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tablish the existence of changed country conditions. Furthermore, *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016), a case cited by the Lie Family in their citation of supplemental authorities is factually distinguishable to the instant matter and is thus unpersuasive.

We also find the Lie Family's requests for remand unavailing. Upon review of the BIA's order, we find it neither vague nor ambiguous. Moreover, given that the Lie Family's motion to reopen was found to be untimely, the entirety of their motion, including their CAT claim, was time-barred. *See Go v. Holder*, 744 F.3d 604, 608 (9th Cir. 2014). Accordingly, the BIA was under no obligation to make any additional findings as to the merits of the Lie Family's CAT claim.

We therefore affirm the BIA's denial of the Lie Family's motion to reopen as untimely and deny their requests for remand.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.